OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff alleges that defendant committed medical malpractice when he prescribed birth control pills knowing that she had previously had phlebitis while taking similar medication. Defendant moved to dismiss the action on the ground that it was untimely, having been commenced in April 1988 — nearly three years after the pills were prescribed. Plaintiff contends that the action is timely by reason of the continuous treatment doctrine, which tolled the Statute of Limitations during the time she took the pills.
The continuous treatment doctrine tolls the 2!4-year limitations period for medical malpractice actions when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint (CPLR 214-a; Nykorchuck v Henriques, 78 NY2d 255; McDermott v Torre, 56 NY2d 399, 408). The premise underlying the doctrine is that a plaintiff should not have to interrupt ongoing treatment to bring a lawsuit, because the doctor not only is in a position to identify and correct the malpractice, but also is best placed to do so. In the absence of continuing efforts by a doctor to treat a particular condition or complaint, however, those policy reasons do not justify the patient’s delay in bringing suit.
While plaintiff’s counsel argues that defendant supplied plaintiff with a six-month prescription, that she spoke to defendant on at least two occasions to complain of leg pain, and that he advised her to continue the medication, there is no support in plaintiff’s complaint or affidavits for these assertions. Indeed, the record does not reflect that plaintiff contemplated, or had, a continuing patient/physician relationship with defendant. We therefore do not consider the legal question whether the conduct argued by counsel could constitute continuous treatment.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
*1105 Order affirmed, with costs, in a memorandum.