[619 NYS2d 776]

Mary Nevling et al., Appellants, v Chrysler Corporation et al., Defendants, and In Heon Park, M.D., P. C., et al., Respondents.

Second Department, December 12, 1994

APPEARANCES OF COUNSEL

*Robert I. Gruber, P. C.,* New York City, for appellants.

*Rende, Ryan & Downes,* White Plains *(Wayne M. Rubin* of counsel), for respondents.

## OPINION OF THE COURT

Per Curiam.

In April of 1985 the plaintiff Mary Nevling sustained serious injuries as the result of her involvement in an automobile accident. Those injuries were allegedly worsened due to the treatment she received at the defendant Cornwall Hospital and by the defendant Dr. In Heon Park, who, at the time that the treatment was rendered, was the sole shareholder in the defendant In Heon Park, M.D., P. C. (hereinafter the Professional Corporation). Treatment continued throughout 1986.

About April 1, 1988, Nevling and her husband commenced this action against Chrysler Corporation and the Professional Corporation, serving them with a summons with notice, by service upon the Secretary of State. In Heon Park was also named individually as a defendant. The summons was served upon the Hospital as well. Chrysler Corporation and the Hospital thereafter served notices of appearance and demanded copies of the complaint. At that time the Hospital's attorneys indicated that they would appear for Dr. Park when he was served with process, as he and the Hospital had a

common insurance carrier. Nevertheless, it is conceded that the plaintiffs' counsel never notified the attorneys that the Professional Corporation had been served via service upon the Secretary of State. Apparently, the plaintiffs did nothing to pursue their action with respect to any of the defendants. By order dated December 5, 1989, the action was dismissed against Chrysler Corporation and the Hospital due to the plaintiffs' failure to serve them with a complaint. That order was subsequently affirmed (see, Nevling v Chrysler Corp., 170 AD2d 817). The Professional Corporation never appeared in the action, and Dr. Park, who had since moved to Korea, was not served with any process.

Approximately three years after it had been served with process, the Professional Corporation moved to dismiss the complaint insofar as it was asserted against it under CPLR 3215 (c) in view of the plaintiffs' failure to seek a default judgment against it within one year of its default. After several consensual adjournments, the plaintiffs cross-moved for leave to enter a default judgment in the event that the Professional Corporation failed to appear in the action within a specified time.

While the motion and cross motion were pending, the plaintiffs successfully moved pursuant to CPLR 308 (5) for permission to expedite service of process upon Dr. Park by serving a copy of the summons with notice on Dr. Park's insurance carrier by overnight mail and filing proof of service with the court. The order granting them that relief, dated September 6, 1991, further provided that service would be complete 10 days after the filing of proof of compliance with the terms of the order. Service was effected on September 6, 1991.

In the order appealed from entered September 17, 1991, the Supreme Court, rejecting the excuses proffered by the plaintiffs for their delay, dismissed the action against the Professional Corporation due to the plaintiffs' failure to seek a default judgment within the one-year period set forth in CPLR 3215 (c).

By notice of motion dated October 16, 1991, Dr. Park moved to dismiss the malpractice causes of action against him as time barred, in that his treatment of the injured plaintiff ceased at the end of 1986 and he was not served with process until September 1991. The plaintiffs cross-moved to dismiss the Statute of Limitations defense, under the theory that Dr.

Park was united in interest with the Professional Corporation, a timely served defendant *(see,* CPLR 203 [b]). The Supreme Court, in the order appealed from entered October 23, 1992, *inter alia,* granted the motion, denied the cross motion, and dismissed the malpractice causes of action asserted against Dr. Park, finding that the plaintiffs' resort to CPLR 203 (b) was to no avail because, at the time that service of process upon Dr. Park was completed, the action against the Professional Corporation had been dismissed, and therefore the parties in question were not codefendants in the action. We affirm.

With respect to the dismissal of the causes of action asserted against the Professional Corporation, CPLR 3215 (c) provides that where the plaintiff fails to seek entry of a default judgment within one year of a defendant's default, the court "shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed". We agree with the Supreme Court that the plaintiffs failed to establish sufficient cause why the complaint, insofar as it was asserted against the defaulting defendant, should not be dismissed *(see, Hagel v City of New York,* 201 AD2d 535). Therefore, the causes of action against the Professional Corporation were properly dismissed.

With respect to the timeliness of the commencement of the action against Dr. Park, the plaintiffs rely on CPLR 203 (b), which provides that a cause of action is deemed to have been interposed against a defendant and a codefendant with whom the defendant is united in interest when the summons is served upon the defendant. The plaintiffs thus assert that the claims against Dr. Park were timely interposed, for Statute of Limitations purposes, in April 1988, when the summons was served upon the Professional Corporation, with whom Dr. Park is united in interest. We disagree.

As this Court has previously held, CPLR 203 (b) "requires that, at the time of the later service on defendant B [here the defendant Dr. Park], he or she be a codefendant of defendant A [here the Professional Corporation], who was timely served" *(Shepard v St. Agnes Hosp.,* 86 AD2d 628, 630). We hold, contrary to the determination of the Supreme Court, that pursuant to the expedient service order dated September 6, 1991 *(see,* CPLR 308 [5]), service was effected upon Dr. Park, for Statute of Limitations purposes, upon delivery of a copy of the summons and verified complaint and a copy of the expedient service order to Federal Express. The date upon which

service was complete, that is, 10 days after the filing of proof of compliance with the expedient service order, was significant only in that Dr. Park's time within which to appear began to run on that date; it had no bearing on the running of the Statute of Limitations *(see, e.g., Brown v Sagamore Hotel,* 183 AD2d 988, 989 [dealing with substituted service]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, at 311-312; *see also,* CPLR 203 [b] [2] [service by publication is effected for Statute of Limitations purposes when the first publication is made, provided that publication is subsequently completed]). Thus, the claim against Dr. Park was interposed *(see,* CPLR 203 [a]) on September 6, 1991, when the Professional Corporation was nominally still a defendant in the action.

While the Professional Corporation was nominally a defendant in this action at the time that service of process was effected upon Dr. Park, in September of 1991, in reality the plaintiffs, by their conduct, effectively abandoned the action against the Professional Corporation long before that date. Thus we conclude that, under the circumstances of this case, the plaintiffs are not entitled to the benefit of CPLR 203 (b), and that the action against Dr. Park was properly dismissed as untimely.

The Statute of Limitations is intended to protect a defendant against stale claims after a diligent plaintiff has been given a reasonable period of time within which to pursue a claim *(see, Flanagan v Mount Eden Gen. Hosp.,* 24 NY2d 427, 429). With the enactment of CPLR 203 (b), the Legislature created a limited exception to the Statute of Limitations. "The rationale behind this exception is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff's claim. Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations" *(Connell v Hayden,* 83 AD2d 30, 41; *see, Scheff v St. John's Episcopal Hosp.,* 115 AD2d 532, 534). That rationale has no application where, as here, due to the plaintiffs' total lack of diligence, the timely served defendant had absolutely no incentive to investigate all of the defenses available to it, and therefore is not protecting the interests of the later-served defendant. The Professional Corporation was served with process in April of 1988 and was required to appear in the action shortly thereafter *(see,* CPLR 320 [a]).

The Professional Corporation did not appear in the action within the time required, and thereby gave the plaintiffs the statutory right to seek a default judgment against it *(see,* CPLR 3215 [a]). Having failed to do so within one year of the Professional Corporation's default, the plaintiffs were deemed to have abandoned the action against the Professional Corporation, and it was subject to dismissal as abandoned, either on the court's own initiative or upon motion of the Professional Corporation *(see,* CPLR 3215 [c]). The fact that the dismissal was not actually effected until approximately two years after the plaintiffs' abandonment is, in our opinion, of no consequence. Given that the failure of the Professional Corporation to protect the interests of its united-in-interest codefendant Dr. Park was a direct consequence of the plaintiffs' dilatory conduct, the plaintiffs should not be permitted to subvert the Statute of Limitations simply because the ministerial act of dismissing an abandoned claim had not yet been performed by the time they attempted to serve Dr. Park with process. On balance, then, we conclude that the Supreme Court properly denied the plaintiffs the benefit of CPLR 203 (b).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Accordingly, the order entered September 17, 1991 is affirmed, and the order entered October 23, 1992 is affirmed insofar as appealed from.

BRACKEN, J. P., MILLER, LAWRENCE and SANTUCCI, JJ., concur.

Ordered that the order entered September 17, 1991 is affirmed, and the order entered October 23, 1992 is affirmed insofar as appealed from, with one bill of costs.