■ ORESTE YOVANE, as Administrator of the Estate of JOSEPHINE YOVANE, Deceased, Appellant, v WHITE PLAINS HOSPITAL CENTER et al., Respondents. [643 NYS2d 625] ■

The decedent died on May 21, 1992. The plaintiff commenced this action against White Plains Hospital Center on November 8, 1993. The plaintiff later commenced a separate action against the defendant Dr. Gabrielle Bolton on August 19, 1994, which was ultimately consolidated with the action against the hospital.

We agree with the Supreme Court that the wrongful death

cause of action against Dr. Bolton is time-barred. This claim was not interposed within two years of the decedent's death (*see,* EPTL 5-4.1), Dr. Bolton was not named as a defendant in the prior action against the hospital commenced by filing on November 8, 1993 (*cf.,* CPLR 203 [c]), and she was not added as an additional defendant in that prior action by virtue of the granting of leave to amend (*cf.,* CPLR 203 [f]). Even assuming that the "relation back" doctrine defined in *Brock v Bua* (83 AD2d 61), adopted in *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program* (80 NY2d 219), and modified in *Buran v Coupal* (87 NY2d 173) may be applied at all under these circumstances (*see, Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829), such application is not warranted where, as here, there is no showing that, within the statutory two-year period, Dr. Bolton " 'must or should have known that, but for a *mistake* concerning [her] identity, the [first] action would have been brought against [her]' " (*Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 483, quoting *Schiavone v Fortune,* 477 US 21, 29; *see also, Buran v Coupal, supra*). Bracken, J. P., O'Brien, Joy and Florio, JJ., concur.