■ Joseph Piccinich et al., Appellants, v Forest City Tech Place Associates et al., Respondents, et al., Defendants. [651 NYS2d 203] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated August 31,

1995, which granted the respective motions of the defendants Forest City Tech Place Associates, Giamboi Brothers, Inc., and Donaldson Acoustic Co., Inc., pursuant to CPLR 3211 to dismiss the amended complaint on the ground that the action was time-barred insofar as asserted against them. Justice Ritter has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs' causes of action accrued on July 11, 1991. The present action was commenced by filing on November 7, 1994, within 120 days of the automatic dismissal of a previous action which had been commenced by filing on July 11, 1994, three years to the day after the plaintiffs' causes of action had accrued. The second complaint, filed on November 7, 1994, as well as the previous complaint, filed on July 11, 1994, named only fictitious parties as defendants; the respondents were not named as defendants in those two complaints.

The plaintiffs claim to have filed an amended complaint on February 28, 1995. This represents the first time in which the respondents were actually named as defendants. This amended complaint was allegedly served on the respondents on March 1, 1995. The respondents thereafter separately moved to dismiss the amended complaint, arguing that the applicable three-year Statute of Limitations had expired. The Supreme Court granted these motions. We affirm.

The plaintiffs in effect added the respondents herein as parties, without leave of court, upon the filing, and subsequent service of the amended complaint. Even assuming, without deciding, that this circumstance itself is not a basis for dismissal (*see*, CPLR 305 [a], as amended by L 1996, ch 39, § 1003 [permitting, under defined circumstances, addition of new parties in absence of leave of court]), the fact remains that the respondents have valid defenses based on the expiration of the Statute of Limitations prior to the interposition of the plaintiffs' claims against them.

The claims against the respondents were asserted for the first time in the amended complaint which was allegedly filed on February 28, 1995. These claims cannot be deemed to have been interposed at the time of the filing of either of the two earlier complaints, because the respondents are not "united in interest" with the fictitious defendants named in those earlier complaints (*see*, CPLR 203 [c], [f]; *Buran v Coupal*, 87 NY2d 173; *Mondello v New York Blood Ctr.—Greater N. Y. Blood*

*Program*, 80 NY2d 219; *Brock v Bua*, 83 AD2d 61). The respondents obviously could not be held vicariously liable for torts committed by fictional parties (*see, Raschel v Rish*, 69 NY2d 694; *Santiamagro v County of Orange*, 226 AD2d 359; *Connell v Hayden*, 83 AD2d 30). Further, the "linchpin" of the relation-back doctrine is " 'notice within the limitation period' " (*Virelli v Goodson-Todman Enters.*, 142 AD2d 479, 483, citing *Schiavone v Fortune*, 477 US 21; *see also, Gateway State Bank v Puma*, 229 AD2d 373). The respondents received no notice during the applicable Statute of Limitations period, and, the complaints filed on July 11, 1994, and November 7, 1994, would not have furnished adequate notice of the plaintiffs' actual claims against the respondents even if such complaints had been served (*see also, Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436; *Berg v Mather Mem. Hosp.*, 131 AD2d 618).

The plaintiffs' reliance on CPLR 306-b (b) is misplaced. This section provides, among other things, that the claims asserted in a recommenced action will be considered timely if they were timely interposed at the time prior action was commenced (*see, Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160). This section does not define the method by which the courts are to determine the date of the interposition of claims contained in amended pleadings which either name parties who were not named in the original pleadings, or assert new causes of action. In those cases the governing statutes are CPLR 203 (f) and (c), and the governing case law is that which defines the "relation back" doctrine under those statutes and their predecessors (*see*, CPLR former 203 [e]; CPLR former 203 [b]; *Buran v Coupal*, 87 NY2d 173, *supra*; *Mondello v New York Blood Ctr.—Greater N. Y. Blood Program*, 80 NY2d 219, *supra*; *Brock v Bua*, 83 AD2d 61, *supra*; *Connell v Hayden*, 83 AD2d 30, *supra*). Bracken, J. P., Ritter, Copertino and Altman, JJ., concur.