■ NICK GEROL et al., Plaintiffs-Respondents, v G & H ENERGY MAINTENANCE Co., INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, and INTERNATIONAL FIDELITY INSURANCE Co., Appellant. ENERGY CONTROL INSTALLATIONS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Action No. 1.) NICK GEROL et al., Plaintiffs, v NORBERTO & SONS, INC., Defendant. (Action No. 2.) [658 NYS2d 328] —In consolidated actions, *inter alia,* to recover damages for personal injuries, International Fidelity Insurance Company and the third-party defendant Energy Control Installations, Inc., appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered April 4, 1996, which granted the plaintiffs' motion for leave to serve a second amended complaint naming International Fidelity Insurance Company as an additional defendant in Action No. 1.

Ordered that the appeal by the third-party defendant Energy Control Installations, Inc., is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order is reversed, on the law, and the plaintiffs' motion is denied; and it is further,

Ordered that the defendant International Fidelity Insurance Company is awarded one bill of costs.

The Supreme Court erred in permitting the plaintiffs to serve a second amended complaint adding International Fidelity Insurance Company (hereinafter the appellant) as a defendant after the expiration of the applicable period of limitations pursuant to the relation back rule of *Brock v Bua* (83 AD2d 61; *see also, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219). Contrary to the Supreme Court's conclusion, under the facts of this case the appellant, the performance surety on a construction project, is clearly not united in interest with its insured, the defaulting former general contractor on the project *(see, Kitson v Atlantic Ref. & Mktg. Corp.,* 227 AD2d 971; *Trane Co. v Robinson Constr.,* 61 AD2d 360). Indeed, the injured plaintiff's accident allegedly occurred at a time that the former general contractor had long since abandoned the project and had been replaced by the appellant.

Clearly the former general contractor and the appellant do not share the same defenses and will not stand or fall together *(see, D'Andria v County of Suffolk,* 112 AD2d 397; *cf., Connell v Hayden,* 83 AD2d 30).

Moreover, at the time of the plaintiffs' belated attempt to join the appellant as a defendant, the action against the former general contractor had been dismissed because it had demonstrated its freedom from liability. Therefore, even assuming that there had ever been a unity of interest between these parties, it would have ceased to exist as of that time so as to preclude the use of the relation back doctrine to excuse the late service upon the appellant *(see, Nevling v Chrysler Corp.,* 206 AD2d 221; *Shepard v St. Agnes Hosp.,* 86 AD2d 628). Therefore, since the plaintiffs have not demonstrated any basis to circumvent the otherwise preclusive effect of the Statute of Limitations, the appellant may not belatedly be added as a party to this action.

· We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.