■ EBRAHIM SADEGHINIA, Appellant, v PATRICE J.A. PIERRE et al., Defendants, and A.S. CIECHALSKI, Respondent. [774 NYS2d 736]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 8, 2002, which granted the motion of the defendant A.S. Ciechalski to dismiss the complaint insofar as asserted against him as time-barred.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff's cause of action to recover damages based on negligence accrued on May 4, 1997, when he was involved in a two-car accident. His action to recover damages for personal injuries was subject to a three-year statute of limitations (see CPLR 214 [5]).

The plaintiff commenced this action by filing a summons and a complaint on April 27, 2000. The summons and complaint named Suzanne Ciechalski as a party defendant. Ms. Ciechalski had been no more than a passenger seated in one of the offending vehicles, a 1987 Chevrolet; there clearly was no basis for imposing any liability on her.

The original summons and complaint failed to name A.S. Ciechalski (hereinafter A.S.) as a party defendant. It was A.S. who was the owner of the 1987 Chevrolet. It was also A.S. who operated the vehicle at the time of the accident.

On June 23, 2000, the plaintiff, using the same index number, filed an amended summons and complaint, omitting the name of Suzanne Ciechalski, and, for the first time, including the name of A.S. A.S. subsequently moved to dismiss the complaint insofar as asserted against him as time-barred (see CPLR 3211 [a] [5]). The Supreme Court granted the motion, and we affirm.

The Supreme Court correctly determined that A.S. was not united in interest with Suzanne Ciechalski, or with any of the codefendants who were named in the original summons and

complaint. The commencement of the action against Suzanne Ciechalski and those codefendants thus did not mark the date of the interposition of the plaintiff's negligence claim against A.S. (*see* CPLR 203 [c]; *Gatto v Smith-Eisenberg* 280 AD2d 640, 641 [2001]; *Gerol v G & H Energy Maintenance Co.*, 239 AD2d 387 [1997]; *Piccinich v Forest City Tech Place Assoc.*, 234 AD2d 528, 529-530 [1996]; *Yovane v White Plains Hosp. Ctr.*, 228 AD2d 436 [1996]; *Nevling v Chrysler Corp.*, 206 AD2d 221, 225 [1994]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.