■ JOAN JENAL et al., Respondents, v SCOTT BROWN et al., Defendants. TOWN OF BABYLON, Nonparty Appellant. [916 NYS2d 780]—

In an action to recover damages for personal injuries, etc., nonparty Town of Babylon appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated June 10,

2010, which granted the plaintiffs' motion for leave to serve an amended complaint adding it as a defendant.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for leave to serve an amended complaint adding the Town of Babylon as a defendant is denied.

While leave to serve an amended pleading should be freely given upon such terms as are just (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *AYW Networks v Teleport Communications Group*, 309 AD2d 724 [2003]; *Charleson v City of Long Beach*, 297 AD2d 777 [2002]; *Holchendler v We Transp.*, 292 AD2d 568 [2002]), leave should not be granted where "the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit" (*Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381, 381 [2006]; *see Thone v Crown Equip. Corp.*, 27 AD3d 723 [2006]). Here, the proposed amendment was clearly without merit as the plaintiffs' motion was made nearly one year after the statute of limitations had expired, and there was no basis in the record to support a claim that the Town of Babylon should be estopped from relying upon the expiration of the statute of limitations (*see Luka v New York City Tr. Auth.*, 100 AD2d 323, 325 [1984], *affd* 63 NY2d 667 [1984]; *Yassin v Sarabu*, 284 AD2d 531 [2001]; *Nowinski v City of New York*, 189 AD2d 674, 675 [1993]). Dillon, J.P., Leventhal, Belen and Cohen, JJ., concur.