■ WALTER SCHWARTZ, Respondent, v LILY SAYAH, Defendant, and ANDREW W. SAYEGH, Appellant. [920 NYS2d 714]—

In an action, inter alia, to recover damages for conversion and to recover on a personal guarantee, the defendant Andrew W. Sayegh appeals from an order of the Supreme Court, West-

chester County (Adler, J.), entered February 23, 2010, which denied his motion for leave to amend his answer to assert a counterclaim to recover damages pursuant to Judiciary Law § 487.

Ordered that the order is affirmed, with costs.

Leave to amend pleadings should be freely granted (*see* CPLR 3025 [b]; *Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166, 170 [1989]) in the absence of prejudice or surprise resulting from the delay (*see Hartford Cas. Ins. Co. v Vengroff Williams & Assoc.*, 306 AD2d 435, 436 [2003]). Moreover, where the motion is made during trial, as here, the court's discretion in deciding the motion for leave to amend should be discrete, circumspect, prudent, and cautious (*see Alrose Oceanside, LLC v Mueller*, 81 AD3d 574 [2011]; *Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008]). Leave to amend should not be granted where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (*see Jenal v Brown*, 80 AD3d 727 [2011]; *Morton v Brookhaven Mem. Hosp.*, 32 AD3d 381 [2006]).

In this case, given the appellant's extensive and unexcused delay in seeking leave to amend, the obvious prejudice which the amendment would create in delaying the trial and confusing the proceedings with collateral issues, and the totally meritless nature of the proposed counterclaim given the absence of allegations regarding an intent to deceive on the part of the plaintiff and damages suffered by the appellant (*see generally Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]; *Boglia v Greenberg*, 63 AD3d 973, 975 [2009]; *Pui Sang Lai v Shuk Yim Lau*, 50 AD3d 758, 759 [2008]), the Supreme Court properly denied the motion for leave to amend (*see Jenal v Brown*, 80 AD3d 727 [2011]; *Tarantini v Russo Realty Corp.*, 273 AD2d 458, 459 [2000]; *County of Suffolk v Caccavalla*, 227 AD2d 511, 513 [1996]). We note in this regard that the submission by the appellant, an attorney, of an affirmation rather than an affidavit in support of the motion was improper (*see* CPLR 2106), and that document should have been disregarded because it was not in admissible form (*see Matter of Nazario v Ciafone*, 65 AD3d 1240, 1241 [2009]; *Lessoff v 26 Ct. St. Assoc., LLC*, 58 AD3d 610, 611 [2009]; *Finger v Saal*, 56 AD3d 606, 607 [2008]; *Pisacreta v Minniti*, 265 AD2d 540 [1999]).

The parties' remaining contentions are without merit. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.