SYLVIA GRANT, Individually and as Administratrix of the Estate of CUTHBERT GRANT, Deceased, Appellant, v BROOKLYN CENTER FOR REHABILITATION & RESIDENTIAL HEALTH CARE, LLC, Doing Business as BROOKLYN CENTER FOR REHABILITATION, Defendant, and MAIMONIDES MEDICAL CENTER, Respondent. [60 NYS3d 352]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 7, 2016, which denied her motion for leave to amend the complaint to add Maimonides Medical Center as a defendant and granted the cross motion of Maimonides Medical Center for an order dismissing the plaintiff's action "as against it" as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in November 2014 to recover damages, inter alia, for alleged medical malpractice and wrongful death. On or about August 4, 2015, the plaintiff moved for leave to amend the complaint to add Maimonides Medical Center (hereinafter Maimonides) as a defendant. Maimonides cross-moved for an order dismissing the plaintiff's action "as against it" on the ground that it was time-barred. The Supreme Court denied the motion and granted the cross motion.

While leave to amend pleadings "shall be freely given" (CPLR 3025 [b]), it may be denied where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (see *Jenal v Brown*, 80 AD3d 727 [2011]; *Ogilvie v McDonald's Corp.*, 294 AD2d 550 [2002]; *Leszczynski v Kelly & McGlynn*, 281 AD2d 519 [2001]). Here, the proposed amendment to add a cause of action to recover damages for wrongful death against Maimonides was totally devoid of merit, as the plaintiff's motion was made after the statute of limitations had expired, more than two years after the decedent's death (see EPTL 5-4.1 [1]). Further, in support of its cross motion, Maimonides submitted evidence establishing, prima facie, that the proposed complaint against it, including the medical malpractice cause of action, was time-barred (see *id.*; CPLR 214-a). Contrary to the plaintiff's contention, in opposition to Maimonides' showing, she failed to raise a question of fact as to whether the statute of limitations was tolled by the continuous

treatment doctrine (*see generally* CPLR 214-a; *Cooper v Kaplan*, 78 NY2d 1103, 1104 [1991]). Accordingly, the Supreme Court properly denied the motion and granted the cross motion. Balkin, J.P., Chambers, Barros and Brathwaite Nelson, JJ., concur.