Roco G.C. Corp. v Bridge View Tower, LLC (2018 NY Slip Op 08164)





Roco G.C. Corp. v Bridge View Tower, LLC


2018 NY Slip Op 08164


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-05262
 (Index No. 6672/09)

[*1]Roco G.C. Corp., plaintiff-appellant, 
v
Bridge View Tower, LLC, respondent, et al., defendants; Michael Tam, nonparty-appellant.


Foster & Wolkind, P.C., New York, NY (Peter B. Foster of counsel), for appellants.
Yan Wang Law Group, P.C., New York, NY (James Anthony Wolff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff and the nonparty Michael Tam appeal from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated April 6, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendant Bridge View Tower, LLC, which were for leave to serve and file an amended answer asserting a counterclaim sounding in fraud against the nonparty Michael Tam, and increasing the ad damnum clause for the counterclaims from the sum of $750,000 to the sum of $25,000,000, and denied the cross motion of the plaintiff and the nonparty Michael Tam to strike an amended answer and counterclaim filed by the defendant Bridge View Tower, LLC, on December 20, 2016, without leave of court.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Bridge View Tower, LLC, which were for leave to serve and file an amended answer asserting a counterclaim sounding in fraud against the nonparty Michael Tam, and increasing the ad damnum clause for the counterclaims from the sum of $750,000 to the sum of $25,000,000 are denied, and the cross motion of the plaintiff and the nonparty Michael Tam to strike the amended answer and counterclaim filed by the defendant Bridge View Tower, LLC, on December 20, 2016, is granted.
This dispute arose from the construction of an 18-story residential condominium building by the defendant Whing Shing Construction, Inc. (hereinafter Whing Shing), on premises owned by the defendant Bridge View Tower, LLC (hereafter Bridge). On May 12, 2006, the plaintiff and Whing Shing entered into a written contract for a total contract price of $1,197,850.50 for plumbing and fire protection work. The contract stated that "[a]ll work must be completed by 12/31/06." The contract was signed by "Mike Tam" as president of the plaintiff, and by the president of Whing Shing. The plaintiff claims that it was ordered off the job on December 13, 2007, after completing 95% of its work, and was paid the sum of $794,892.53, leaving the sum of $402,957.97 unpaid.
The plaintiff commenced this action in March 2009. The complaint, among other things, asserted a cause of action to recover damages for breach of contract. In April of 2009, Bridge served a joint answer with Whing Shing, asserting a counterclaim to recover damages for breach of contract arising from the plaintiff's alleged delay in performance. The ad damnum clause of the counterclaim demanded damages in the sum of $750,000.
In 2016, the parties appeared for preliminary conferences, and Bridge filed an amended answer on its own behalf on December 20, 2016, without leave of court. In January 2017, Bridge moved for leave to serve and file the amended answer in its capacity as a third-party beneficiary of the contract between the plaintiff and Whing Shing. Bridge reasserted the original counterclaim to recover damages for breach of contract and sought to add an additional counterclaim against the plaintiff and against a new party—the plaintiff's president, Michael Tam—alleging fraud. The additional counterclaim is based on the alleged false representation by the plaintiff and Tam to both Bridge and Whing Shing that they were licensed by the New York City Department of Buildings as a master plumber and/or fire suppression contractor, and the alleged deficiencies in their work related to the lack of proper licenses. Bridge claimed that the fraud cause of action was timely asserted against Tam because Tam and the plaintiff were united in interest. Bridge also sought to raise the amount of damages demanded from the sum of $750,000 to the sum of $25,000,000.
The plaintiff and Tam (hereinafter together the cross movants) cross-moved to strike the amended answer and counterclaim, asserting that the cause of action sounding in fraud was time-barred. The cross movants further alleged that the relation-back doctrine did not apply because the cross movants were not united in interest, and Tam had no reason to believe that but for a mistake by Bridge as to the identity of the proper parties, Tam would have been joined in the action in 2009. The cross movants further noted that no basis was asserted for increasing the ad damnum clause.
The order appealed from, without explanation, granted Bridge's motion and denied the cross motion. The cross movants appeal from so much of the order as denied the cross motion and granted those branches of Bridge's motion which were for leave to serve and file an amended answer asserting a counterclaim sounding in fraud against Tam, and increasing the ad damnum clause for the counterclaims to the sum of $25,000,000.
Amendment of a pleading without leave of court is generally only permitted early in a case (see CPLR 3025[a]). In this case, Bridge filed an amended answer without leave of the Supreme Court nearly seven years after issue was initially joined, and subsequently sought leave to serve and file the amended answer. CPLR 3025(b) states that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just." "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mirro v City of New York, 159 AD3d 964, 967). An amendment that seeks to add a cause of action which is time-barred by the applicable statute of limitations is patently devoid of merit (see Grant v Brooklyn Ctr. for Rehabilitation & Residential Health Care, LLC, 153 AD3d 798; Jenal v Brown, 80 AD3d 727; Ricca v Valenti, 24 AD3d 647).
In this case, the statute of limitations for the new counterclaim sounding in fraud is six years from the alleged fraud in 2006, or two years from when the adverse party discovered the fraud or should have discovered the fraud with the exercise of due diligence (see Celestin v Simpson, 153 AD3d 656, 657). Since the plaintiff ceased work on the project in 2007, and the alleged deficiencies should have been apparent to Bridge by then, the statute of limitations had run and the counterclaim for fraud contained in Bridge's amended answer was without merit.
" The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence, (2) the additional party is united in interest with the original party, and (3) the additional party knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the additional party as well'" (Eriksen v County of Suffolk, 154 AD3d 721, 722, quoting Bumpus v New York City Tr. Auth., 66 AD3d 26, 35; see Buran v Coupal, 87 NY2d 173, 178). The original counterclaim asserted against the plaintiff alleged that plaintiff breached contractual obligations for which Tam—an officer of the corporation—was not individually liable (see Sargoy v Wamboldt, 183 AD2d 763). "There is no legal theory of vicarious liability for breach of contract" by "an agent of a disclosed principal" (id. at 765). Tam, when signing the contract in issue, did so as president of the plaintiff, and not individually. Therefore, the cross movants are not united in interest. Further, since Tam signed the contract, Bridge was aware of Tam's identity at the time the original answer was served. Therefore, failure to join Tam cannot be attributable to a mistake as to the identity of [*2]the proper parties (see Somer & Wand v Rotondi, 251 AD2d 567). Thus, the addition of Tam as a party to this action was improper.
No cognizable explanation was provided for the increase in the ad damnum clause.
Accordingly, we disagree with the Supreme Court's determination granting those branches of the motion which were for leave to serve and file an amended answer asserting a counterclaim sounding in fraud against Tam, and increasing the ad damnum clause for the counterclaims from the sum of $750,000 to the sum of $25,000,000, and denying the cross motion to strike the amended answer and counterclaim filed on December 20, 2016, without leave of court.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court