Bisono v Mist Enters., Inc. (2024 NY Slip Op 03873)

Bisono v Mist Enters., Inc.

2024 NY Slip Op 03873

Decided on July 24, 2024

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2021-06111 
2021-08755
 (Index No. 503176/17)

[*1]Luis Bisono, et al., appellants, 
v
Mist Enterprises, Inc., et al., defendants-respondents, et al., defendants; Design N Safety, Inc., proposed additional defendant-respondent.

APPEALS by the plaintiffs, in an action to recover damages for personal injuries, from (1) an order of the Supreme Court (Carolyn E. Wade, J.), dated February 10, 2021, and entered in Kings County, and (2) an interlocutory judgment of the same court dated September 9, 2021. The order, insofar as appealed from, granted the motion of the defendants Mist Enterprises, Inc., and New York Presco, Inc., for summary judgment dismissing the complaint insofar as asserted against them and, in effect, denied that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design N Safety, Inc., as a defendant. The interlocutory judgment, upon the order, is in favor of the defendants Mist Enterprises, Inc., and New York Presco, Inc., and against the plaintiffs, in effect, dismissing the complaint insofar as asserted against those defendants.

Fastman Law Group, P.C., Lake Success, NY (Dean A. Ferdenzi of counsel), for appellants.
Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for defendants-respondents Mist Enterprises, Inc., and New York Presco, Inc.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Katherine G. Howells of counsel), for proposed additional defendant-respondent Design N Safety, Inc.

DILLON, J.P.

OPINION & ORDER
These appeals involve the application of the relation-back doctrine to an unusual set of facts. Here, the plaintiffs seek to interpose untimely claims against a proposed corporate defendant by relating those claims back under CPLR 203(c) and (f) to an individual defendant who had been timely sued, discontinued from the action before the statute of limitations had run, and re-added as a defendant after the applicable statute of limitations had expired for all parties. Normally, the relation-back doctrine may only be applied when the party being added relates back to another party which has already been timely sued and which is a continuing defendant in the case. Under the peculiar circumstances of this case, where no party objected to, raised any contentions concerning, or appealed the granting of leave to re-add the previously discontinued individual as a party defendant, the relation-back doctrine may be applied.
I. Relevant Facts
In March 2016, the plaintiff Luis Bisono was driving his motor vehicle on Covert Street in Brooklyn. The plaintiff Yaneli Bisono was a passenger in the vehicle. As the vehicle drove by a fixed dumpster that was situated on the street, a gust of wind blew open the dumpster's door, causing that door to strike the vehicle as it passed. The vehicle spun and hit a parked vehicle.
In 2017, the plaintiffs commenced this action to recover damages for personal injuries allegedly sustained as a result of the accident against Mist Enterprises, Inc. (hereinafter Mist), New York Presco, Inc. (hereinafter Presco), and Yakov Eisenbach [FN1]. The plaintiffs alleged that their injuries were caused by the defendants' negligence in the ownership, operation, maintenance, control, and placement of the dumpster. Mist and Presco answered the complaint and asserted, inter alia, various affirmative defenses.
An attorney representing Eisenbach wrote to the plaintiffs' attorney, requesting that Eisenbach be discontinued from the action as a defendant. Eisenbach's attorney claimed, among other things, that Eisenbach was not personally affiliated with or involved in the operations related to the plaintiffs' alleged injuries, that at no time did Eisenbach possess any ownership interest in the dumpster, and that at no time was Eisenbach personally in control of the operation, maintenance, control, or use of the dumpster. In December 2017, Eisenbach's attorney and the plaintiffs' attorney executed a stipulation discontinuing the action insofar as asserted against Eisenbach, without prejudice.
In 2019, the plaintiffs, without leave of court, filed a supplemental summons and amended complaint, naming as party defendants Mist, Presco, Eisenbach, Jozefko Construction, Inc., and Design N Safety, Inc. (hereinafter Design).
Also in 2019, Mist and Presco moved for summary judgment dismissing the complaint insofar as asserted against them [FN2]. In support of their motion, Mist and Presco submitted, inter alia, affidavits of Mordechai Ainhorn and Pocesta Jeton. Ainhorn, Mist's president and sole shareholder, asserted that Mist was in the business of owning and renting garbage containers used in the demolition and construction industry for disposal of demolition and construction debris. A container was delivered to the location at issue at the request of its client, Design. The container was deposited by one of Mist's truck drivers and dropped on the street adjacent to the curb parallel with the sidewalk. A permit for the placement of the container was issued by the New York City Department of Transportation. Based on photographs shown to Ainhorn at his deposition, it could be seen that the container was properly placed on the street inches from the curb with no part of it intruding into a lane of moving traffic.
Ainhorn asserted that, aside from delivering the container to a specified location, drivers employed by Mist were not permitted to operate the container or participate in filling it. Those operations were conducted by the person who or the entity that rented the container from Mist. The container was delivered and left on site with the door closed and latched. It would be impossible to transport the container through the streets without the door being securely closed and latched. Additionally, the container had to be lifted on an angle to be removed from the truck and placed onto the street, and that could not be done if the door were allowed to swing open. The door had to be closed and locked securely to accomplish the delivery. Ainhorn searched Mist's records and there were no records of defects to containers delivered or retrieved during the time at issue.
In his affidavit, Jeton, a driver employed by Mist, averred that while he did not have a specific recollection of the particular container delivered, he could state that it was not possible for the door to be opened or unlatched during delivery. To remove the container from the back of his truck, the hydraulic system in the truck raised the end of the container at a severe angle so that it could roll off the skids on the back of the truck. If the door were open at the other end it would prevent the dropping of the container, as the open door would hit the asphalt pavement before the container's wheels could make contact with the pavement. It was the custom and practice of all Mist drivers, including Jeton, to drop the container at the requested location and take no further actions with regard to operating the container. The container was left empty with the door closed and latched. It was up to the customer who ordered the container to open and fill the container in the manner that they chose.
The plaintiffs opposed the summary judgment motion, contending, among other things, that the moving defendants failed to demonstrate the absence of triable issues of fact. According to the plaintiffs, these triable issues of fact included whether Mist improperly inspected or positioned its container.
The plaintiffs separately moved for leave to amend the complaint to add both Eisenbach and Design as party defendants. The plaintiffs urged that the police accident report for the incident identified Eisenbach as the owner of the dumpster. However, relying on representations of Eisenbach's attorney, the parties had earlier executed the stipulation discontinuing the action insofar as asserted against Eisenbach. A discovery response provided in 2019 included two documents tying the existing defendants to Eisenbach and Design. A New York City Department of Transportation Building Operation Permit listed Design as the permit holder and Eisenbach as the contact person. The permit granted Design and Eisenbach permission to place a container in the roadway at the incident location. An invoice between Mist and Design detailed a container billable to Design with a drop-off address at or around the incident location. The plaintiffs claimed that, based on this newly discovered information, they had previously attempted to amend the complaint, albeit without leave of court. The plaintiffs conceded that as the complaint was not amended as of right or with leave of court, it was a nullity. The plaintiffs claimed that the deposition of Ainhorn, which was conducted in September 2019, revealed further information previously unknown to them regarding the involvement of Eisenbach and Design. According to the plaintiffs, Ainhorn's deposition testimony showed that Eisenbach and Design knew that this incident had occurred and that this action was commenced in connection with that incident. The plaintiffs requested that under the circumstances, the Supreme Court grant leave to amend the complaint.
The plaintiffs contended that leave to amend should be granted as the proposed amendments were not palpably insufficient or patently devoid of merit and would not prejudice or surprise Eisenbach or Design. The plaintiffs further contended that although the statute of limitations had run as against Design the relation-back doctrine applied, and they discussed the three requirements of that doctrine. They urged that the incident involving the container was the same occurrence underlying the original complaint. The plaintiffs argued that the proposed defendants were united in interest with an original defendant, as Eisenbach was an original defendant named in the complaint and was the owner and/or primary representative of Design. Further, the plaintiffs contended that Eisenbach and Design knew or should have known that, but for an excusable mistake by the plaintiffs as to the identity of the proper parties, the action would have been commenced against them as well.
Design opposed that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design as a defendant. Design submitted no opposition on behalf of Eisenbach. Design contended that it would be unduly prejudiced if named as a new defendant after the statute of limitations had expired and dispositive motions had been made. Design urged that the plaintiffs sought to assert claims that were untimely because those claims related back to prior claims that were voluntarily discontinued years ago. Since the claims against Eisenbach were abandoned or discontinued, Design and Eisenbach were not codefendants for relation-back purposes. Moreover, according to Design, Eisenbach and Design were not united in interest.
Eisenbach, individually, submitted no papers responsive to that branch of the plaintiffs' motion which was for leave to re-add him as a party defendant via the proposed amended complaint. Design's opposition papers argued against the plaintiff's motion for leave to amend only "as it pertains to DNS [Design]." That branch of the motion which was for leave to amend the complaint to add Eisenbach as a defendant was therefore unopposed.
In an order dated February 10, 2021, the Supreme Court, among other things, granted the motion of Mist and Presco for summary judgment dismissing the complaint insofar as asserted against them, in effect, granted that branch of the plaintiffs' motion which was for leave to amend the complaint to add Eisenbach as a defendant, and, in effect, denied that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design as a defendant. The court did not provide any reasoning for its grant of leave to amend as to Eisenbach and its denial of leave to amend as to Design. In an interlocutory judgment dated September 9, 2021, upon the order, the court, in effect, dismissed the complaint insofar as asserted against Mist and Presco.
The plaintiffs appeal.
II. The Relation-Back Doctrine as to Design
Generally speaking, leave to amend a pleading shall be freely granted upon terms as may be just (see CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959). [*2]Leave may be denied if the proposed amendment is palpably insufficient or patently devoid of merit, or if it would cause undue prejudice to a party (see e.g. Watkins-Bey v MTA Bus Co., 174 AD3d 553, 554). Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit (see Schwartz v Walter, 171 AD3d 969, 970; Roco G.C. Corp. v Bridge View Tower, LLC, 166 AD3d 1031, 1033; Grant v Brooklyn Ctr. for Rehabilitation & Residential Health Care, LLC, 153 AD3d 798; Jenal v Brown, 80 AD3d 727; Ricca v Valenti, 24 AD3d 647, 648), unless the untimeliness can be saved by application of the relation-back doctrine (see e.g. Catnip, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d 1103, 1106; Myung Hwa Jang v Mang, 164 AD3d 803, 804-805; Marrone v Miloscio, 145 AD3d 996, 999; Rodriguez v Paramount Dev. Assoc., LLC, 67 AD3d 767, 768).
The statutory basis for the relation-back doctrine is found in CPLR 203(c) and (f) (see Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457; Ortega v New York City Tr. Auth., 170 AD3d 872, 873; Martin v City of New York, 153 AD3d 693, 694; Moezinia v Ashkenazi, 136 AD3d 990, 992). CPLR 203(c) provides that "[i]n an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced." CPLR 203(f) provides that "a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences to be proved pursuant to the amended pleading." Built upon those provisions, the relation-back doctrine permits, under certain defined circumstances, the commencement of claims against a party that has not been timely sued, but which relate back to the original timely complaint. The doctrine also permits the addition of untimely claims against an original defendant under some of those same defined conditions.
The leading case on the relation-back doctrine is Buran v Coupal (87 NY2d 173). In Buran, the relation-back doctrine was defined as requiring that the plaintiff establish all three prongs of a three-part test for the addition of untimely claims or parties. The first prong is that the new claims arise out of the same conduct, transaction, or occurrence as that alleged in the original complaint. Second, if a new party is to be added, it must be united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in defending the action on the merits. Third, if a new party is to be added, the newly-added defendant must have known, or should have known, that the action would have been timely commenced against him or her but for a mistake by the plaintiff as to the identity of the proper parties (see id. at 178-179; see also Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838; Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954; Sanders v Guida, 213 AD3d 714, 715; Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851-852; OneWest Bank N.A. v Muller, 189 AD3d 853, 855).
As to the applicability of the first prong of the relation-back doctrine there can be no dispute. The claims that the plaintiffs seek to interpose against Design involve the same occurrence as that of the original complaint, where an unlatched door of a debris container swung open and struck the plaintiffs' passing vehicle. Design was the permit holder of the container and maintained the container after Mist's delivery of it to the site of the accident, and Eisenbach was the manager of work at that site.
The second prong—unity of interest—is a point of contention between the parties. The plaintiffs argue that Eisenbach is the chief executive officer (hereinafter CEO) of Design, and that his acts or omissions as a scope-of-employment manager render Design vicariously liable for the occurrence. Design argues that while it may be vicariously liable for the negligence of its employees, Eisenbach would not face the same liability in his individual capacity, thereby affording Design and Eisenbach different defenses that separate their litigation interests.
Unity of interest examines the jural relationship of the parties that are said to be united, and the nature of the claims asserted against them by the complainant (see Matter of 130-10 Food Corp. v New York State Div. of Human Rights, 166 AD3d 962, 965; Kammerzell v Clean Burn, Inc., 165 AD3d 768, 769; Connell v Hayden, 83 AD2d 30, 42-43). Where one party is vicariously liable for the acts or omissions of another, their available defenses will be the same and the parties' interests will be united (see Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800; Chandler v New York City Tr. Auth., 209 AD3d 825, 826; Petruzzi v Purow, 180 AD3d 1083, 1085; Weckbecker v Skanska USA Civ. Northeast, Inc., 173 AD3d 936; Connell v Hayden, 83 AD2d at 45). Under the doctrine of respondeat superior, an employer will be vicariously liable for the torts of its employee committed within the scope of employment (see Judith M. v Sisters of Charity Hosp., 93 [*3]NY2d 932, 933; Fernandez v Fernandez, 216 AD3d 743, 745; Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359; Gadson v City of New York, 156 AD3d 685, 686). Here, Eisenbach was Design's CEO and was actively managing the construction site, which included the container at issue, on the date and at the time of the occurrence. The litigation interests of Design and Eisenbach are therefore united as to satisfy the second prong of the relation-back doctrine.
The third necessary prong of the relation-back doctrine examines whether Design knew or should have known that but for a mistake by the plaintiffs as to the identity of the proper parties, this action would have been commenced against Design in the original complaint. The plaintiffs maintain that Eisenbach, who had been named in the original complaint, would not have been discontinued from the action but for the misinformation from his counsel that Eisenbach had no involvement in the circumstances of the plaintiffs' accident. The plaintiffs further maintain that but for the misinformation from counsel, they would have sought discovery from Eisenbach which would have revealed Design's involvement in the underlying events and permitted the timely interposition of claims against it. Design counters, in essence, that had the plaintiffs been more diligent, they could have learned of Design's involvement at the site prior to the expiration of the statute of limitations.
Here, there is a fair reading of the record that had Eisenbach not been discontinued from the action based upon inaccurate representations, Design's role at the construction site would have been revealed and an action timely commenced against it. Further, with Eisenbach named as an original defendant in the action, Design knew or should have known that but for a mistake as to the identity of the parties, it would have been named as a party defendant as well. We find that the third prong of the relation-back doctrine is satisfied under the circumstances of this case.
With relation-back, we conclude that the Supreme Court improvidently exercised its discretion in denying leave to amend the complaint as to Design. The proposed amended complaint was not patently devoid of merit, and Design is not unduly prejudiced by the delay in adding it as a party (see Catnip, LLC v Cammeby's Mgt. Co., LLC, 170 AD3d at 1106; Myung Hwa Jang v Mang, 164 AD3d at 804-805; Marrone v Miloscio, 145 AD3d at 999; Rodriguez v Paramount Dev. Assoc., LLC, 67 AD3d at 768).
However, while the parties end their primary relation-back arguments with their discussions of the three necessary prongs of the doctrine, we do not do so. There is another complication that this Court should address, so that the ultimate conclusion of this appeal not be construed as changing the well-worn rules of the relation-back doctrine.
A basic requirement of the relation-back doctrine is that the untimely party to be added to an action relate back to an existing party that has been timely sued. In other words, any party to be added after the expiration of the applicable statute of limitations must be tethered to another party against which claims were timely interposed, and that preexisting party must itself be an active defendant at the time the relation-back doctrine is applied (see Liverpool v Arverne Houses, 67 NY2d 878, 879; see also Duffy v Horton Mem. Hosp., 66 NY2d 473; c.f. Nevling v Chrysler Corp., 206 AD2d 221, 226). Here, however, Eisenbach—the preexisting party—had been discontinued from the action by the plaintiffs, though under false or mistaken pretenses that were not discovered until later. Technically, therefore, when the plaintiffs sought leave to amend the complaint to add Eisenbach and Design as party defendants, the statute of limitations had already expired as to both of them; Eisenbach was no longer an existing party within the statute of limitations to which Design could be tethered. Further, for Eisenbach to be properly re-added to the action after the expiration of the statute of limitations, he would have to relate back to yet another party—a double relation-back—although no circumstances for his own relation-back are shown on this record.
What the plaintiffs should have done to properly restore Eisenbach as a timely party defendant was to seek vacatur of the stipulation by which Eisenbach had been earlier discontinued from the action. Certainly, grounds for vacating that stipulation of discontinuance would have been compelling (cf. Hallock v State of New York, 64 NY2d 224, 230; Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 960; Scuorzo v Safdar, 115 AD3d 843, 844), given the plaintiffs' reliance upon the misinformation from Eisenbach's counsel about material facts which misled the plaintiffs into agreeing upon the discontinuance of those claims in the first instance. Upon any such vacatur, had it been successfully sought, Eisenbach would have been restored to the action under the original complaint, and would have been a timely, existing defendant to whom the claims against Design could then relate back.
Nevertheless, no party specifically opposed that branch of the plaintiffs' motion which was for leave to amend the complaint to add Eisenbach after the statute of limitations had [*4]expired as to him. No argument was made that Eisenbach should be equitably estopped from asserting a statute of limitations defense, given that his counsel had induced the earlier discontinuance of the action against him by misrepresenting or mistaking relevant facts (see Putter v North Shore Univ. Hosp., 7 NY3d 548, 552-553). That said, it is not the role of an appellate court to decide an appeal on the basis of arguments that were never raised by any party (see Misicki v Caradonna, 12 NY3d 511, 519; Tabchouri v Hard Eight Rest. Co., LLC, 219 AD3d 528, 534; Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 159).
Further, and most significantly, so much of the Supreme Court's order as granted that branch of the plaintiffs' unopposed motion which was for leave to amend the complaint to re-add Eisenbach as a defendant in the action, whether correct or not, has not been appealed by any party; the only issues that have been appealed pertain to whether Design should have been added as a defendant in the action under the relation-back doctrine and whether summary judgment had been improperly awarded to Mist and Presco. Therefore, this appeal is postured where Eisenbach, though technically untimely, was added to the action via an amended complaint which, absent opposition and an appeal of that issue, is now the law of the case (see Debcon Fin. Servs., Inc. v 83-17 Broadway Corp., 126 AD3d 752, 754; Thompson v 76 Corp., 54 AD3d 844, 845-846). So postured, Design may be added as a defendant to the action, beyond the statute of limitations for Design, by virtue of the relation-back to Eisenbach who has again become an existing presence in the action in a manner that is both uncontested and the law of the case.
To the extent Design relies upon Nevling v Chrysler Corp. (206 AD2d 221) in arguing that the relation-back doctrine should not be applied, we find the case to not be controlling of this outcome. In Nevling, the plaintiffs in a medical malpractice action failed to seek leave to enter a default judgment against a defendant professional corporation within the one-year window of CPLR 3215(c). Subsequently, the plaintiffs served the defendant physician. The physician moved to dismiss the malpractice causes of action insofar as asserted against him as time-barred. The plaintiffs cross-moved to dismiss the statute of limitations defense, on the theory that the physician was united in interest with the timely served professional corporation. This Court held that while the professional corporation was nominally a defendant when service was effected on the physician, "in reality the plaintiffs, by their conduct, effectively abandoned the action against the Professional Corporation long before that date. Thus, we conclude that, under the circumstances of this case, the plaintiffs are not entitled to the benefit of [relation-back], and that the action against [the physician] was properly dismissed as untimely" (Nevling v Chrysler Corp., 206 AD 2d at 225).
Nevling does not control the outcome of the instant appeal as it was specifically and expressly limited to the circumstances of that case. Moreover, it is distinguishable. In Nevling, the claims against the physician could not relate back to the claims against the professional corporation where the claims against the professional corporation had been effectively abandoned. Here, in contrast, the claims against Design relate back to the claims against Eisenbach who was restored to the action, without opposition on statute of limitations grounds or otherwise, and that branch of the plaintiffs' motion which was for leave to amend the complaint to re-add Eisenbach is not before us on appeal.
The result here, where relation-back is applied against one party by relating back the claims to another party that is itself untimely added, should not be construed as suggesting that the three-pronged test for the relation-back doctrine is modified. It is not. Nor does it suggest that relation-back can be applied when the party to whom a claim relates is not a timely, existing party in an action. Decisional authorities require that there be a preexisting party against whom there is a timely claim. The result here, while very unusual, is instead a product of its peculiar circumstances; namely, the absence of any opposition to Eisenbach being re-added as a party defendant after the statute of limitations had expired as to him which restored him as an existing party in the action, and as a consequence, the absence of any argument that Eisenbach's renewed presence in the case was an error by the Supreme Court.
For these reasons, we reverse the order insofar as reviewed, and grant that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design as a defendant on the basis of the relation-back doctrine (see CPLR 3025[b]; 203[c], [f]).
III. Summary Judgment as to Mist and Presco
Initially, the appeal from so much of the order as granted the motion of Mist and Presco for summary judgment dismissing the complaint insofar as asserted against them must be dismissed, as that portion of the order was superseded by the interlocutory judgment (see Sweeney v Stark, 216 AD3d 1193, 1194). The issues pertaining to those defendants' motion for summary judgment are brought up for review and have been considered on the appeal from the interlocutory [*5]judgment.
As often stated, a defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject occurrence (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Garcia v Titus, 223 AD3d 883). If the prima facie entitlement to summary judgment is established, the burden shifts to the party opposing the motion to demonstrate, through admissible evidence, the existence of issues of fact requiring trial (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 79; Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562).
Here, Mist and Presco met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by showing that they were not at fault in the happening of the subject accident. Their evidence demonstrated that if the container door had not been locked at the time of the container's delivery to the site, it would have opened as the container was hydraulically lowered at a severe angle to the asphalt pavement and prevented the container from dropping. In opposition, the plaintiffs failed to raise a triable issue of fact as their opposition to summary judgment was conclusory and speculative (Kelly v Ahn, 224 AD3d 673; Hayes v County of Suffolk, 222 AD3d 950, 953). Accordingly, the Supreme Court properly granted the motion of Mist and Presco for summary judgment dismissing the complaint insofar as asserted against them.
IV. Miscellaneous
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, the appeal from so much of the order as granted the motion of Mist and Presco for summary judgment dismissing the complaint insofar as asserted against them is dismissed, the order is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design as a defendant is granted, and the interlocutory judgment is affirmed.
CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ORDERED that the appeal from so much of the order as granted the motion of the defendants Mist Enterprises, Inc., and New York Presco, Inc., for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law and in the exercise of discretion, and that branch of the plaintiffs' motion which was for leave to amend the complaint to add Design N Safety, Inc., as a defendant is granted; and it is further,
ORDERED that the interlocutory judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Mist Enterprises, Inc., and New York Presco, Inc., payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs payable by Design N Safety, Inc.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: This party's last name appears in the record both as Elsenbach and as Eisenbach. For the sake of consistency, this writing refers to him as Eisenbach.

Footnote 2: Mist and Presco were represented in this action by the same law firm. Although the motion papers may suggest that Mist alone, and not Mist and Presco together, moved for summary judgment, the order determining this motion granted "Mist . . . and . . . Presco['s] . . . motion for summary judgment." Consistent with the order, the interlocutory judgment is in favor of Mist and Presco and against the plaintiffs, in effect, dismissing the complaint insofar as asserted against Mist and Presco. On appeal, the plaintiffs do not raise any contentions specifically relating to Presco.