■ JOHN E. LANDER et al., Appellants, v JOHN P. WILSON et al., Respondents. — In a CPLR article 78 proceeding to review a determination denying petitioner's application for a special use permit, the appeal is from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated May 31, 1983, which dismissed the proceeding. ¶ Judgment affirmed, with costs. ¶ The subject premises is presently zoned in a residence A-9 district. This zoning, which prohibits the use sought by petitioners, was enacted while Special Term's decision was pending. As respondents assert, the appeal must be decided upon the law as it now exists (*Matter of Boardwalk & Seashore Corp. v Murdock*, 286 NY 494, 498; *Matter of Dengeles v Young*, 3 AD2d 758; *Matter of Town Bd. v Plonski*, 13 AD2d 704, affd 10 NY2d 1035). The judgment should therefore be affirmed. Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.

■ IRA LEWIS, an Infant, by His Mother and Natural Guardian, JOYCE LEWIS, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — In an action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated November 8, 1981, which granted plaintiffs' motion for leave to serve a late notice of claim upon it. ¶ Order modified by adding after the word "GRANTED" the words "as to the claim of the infant IRA LEWIS and is denied in all other respects". As so modified, order affirmed, without costs or disbursements. ¶ An application for leave to serve a late notice of claim must be made within the time set by statute for the commencement of the action against the public corporation (see *Pierson v City of New York*, 56 NY2d 950; *Saler v City of New York*, 96 AD2d 583). While the period is tolled with respect to the infant plaintiff's claim until November 6, 1984, his 18th birthday (CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256), the toll for infancy is not available with respect to the adult plaintiff's derivative claim (see *Matter of McGrath v Board of Educ.*, 63 AD2d 1046, affd 47 NY2d 843; *Sadler v Horvath*, 44 AD2d 905). Since there is no basis for any other toll or for an estoppel (see *Simon v Capital Dist. Transp. Auth.*, 95 AD2d 902) and since the adult plaintiff did not make the application within the time frame specified by section 1212 of the Public Authorities Law, the branch of the plaintiffs' motion which sought leave to serve a notice of claim *nunc pro tunc* on her behalf should have been denied (*Pierson v City of New York, supra*). ¶ With respect to the infant plaintiff's claim, the fact of infancy, in and of itself, merely authorizes the courts to entertain the application on the merits; it does not compel that the application be granted (*Goudie v County of Putnam*, 95 AD2d 823). Consideration of all the relevant factors, however, indicates that it was a proper exercise of discretion to permit service of a late notice of claim on the infant's behalf (see *Matter of Cicio v City of New York*, 98 AD2d 38; *Matter of Bensen v Town of Islip*, 99 AD2d 755). The defendant received actual notice within 90 days of the occurrence and conducted a hearing on the claim pursuant to section 50-h of the General Municipal Law. Moreover there is no evident prejudice (*Haynes v City of New York*, 100 AD2d 572). ¶ Finally, we would note that the failure of plaintiffs' counsel to appear in support of the initial motion to serve a late notice of claim (CPLR 2216), which resulted in its being marked off the calendar pursuant to local court rule (22 NYCRR 752.11 [c]), did not bar a second motion. The order marking the case off the calendar did not operate to establish the law of the case (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2216:3, p 114; cf. *Aridas v Caserta*, 41 NY2d 1059, 1061). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.