■ MONIQUE DESIDERIO, Plaintiff, and PEDRO DESIDERIO et al., Respondents, v MICHAEL E. RUBIN et al., Defendants, and SILVER STAR LEASING, INC., Appellant. [652 NYS2d 68] —In an action to recover damages for personal injuries, etc., the defendant Silver Star Leasing, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated October 3, 1995, as granted that branch of the motion of the plaintiffs Pedro Desiderio in his individual capacity and Enza Virzi which was to dismiss the Statute of Limitations defense interposed by Silver Star Leasing, Inc.,

against them and denied that branch of its cross motion which was to dismiss the third amended complaint insofar as asserted by those plaintiffs. Justice Luciano has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the plaintiffs Pedro Desiderio in his individual capacity and Enza Virzi which was to dismiss the Statute of Limitations defense interposed by Silver Star Leasing, Inc., against them is denied, the cross motion is granted, and the third amended complaint is dismissed insofar as asserted by Pedro Desiderio in his individual capacity and by Enza Virzi against Silver Star Leasing, Inc.

The plaintiffs alleged that they were injured in a car accident on September 5, 1991, and commenced a timely personal injury action against, *inter alia,* Suric Ivica, a driver of one of the cars involved. Approximately two years later, they served what was denominated a second amended summons and complaint on Silver Star Motors, Inc. (hereinafter Silver Star Motors) as the owner of the Ivica vehicle. After the Statute of Limitations had expired, the plaintiffs served what was denominated a third amended summons and complaint on Silver Star Leasing, Inc. (hereinafter Silver Star Leasing) naming it as an owner of the Ivica vehicle. When the plaintiffs moved, *inter alia,* to dismiss Silver Star Leasing's defense that the action against it was not timely commenced, Silver Star Leasing cross-moved to dismiss the complaint insofar as asserted against it by the respondents Pedro Desiderio in his individual capacity and by Enza Virzi, contending that the action was barred by the Statute of Limitations.

The court, *inter alia,* found that because the action against Silver Star Motors was timely commenced, and the owners of Silver Star Motors and Silver Star Leasing were the same, Silver Star Leasing could be charged with notice of the institution of the action by the service of process upon Silver Star Motors. We reverse.

For the rule allowing relation back to the original date of filing under CPLR 203 (b) to be operative in an action in which parties are added beyond the applicable limitations period, a plaintiff is required to prove that the originally-named defendant and the later-added party or parties are united in interest (*Porter v Kingsbrook OB/GYN Assocs.,* 209 AD2d 497). The test requires a plaintiff to establish, in relevant part, that: "(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original

defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement" (*Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Buran v Coupal,* 87 NY2d 173, 180-181; *Brock v Bua,* 83 AD2d 61, 69).

While it is not disputed that the first prong of the test has been satisfied, the respondents failed to establish that the two corporations are united in interest. Parties are united in interest only where "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159; *see also, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program, supra,* at 226; *Brock v Bua, supra,* at 68). If the relationship between the parties is such that one "may" have a defense not available to the other, they are not united in interest (*see, Connell v Hayden,* 83 AD2d 30, 41-43). In short, "interests will be united, only where one is vicariously liable for the acts of the other" (*Connell v Hayden, supra,* at 45).

Although service of process upon Silver Star Motors may have provided "notice" to Silver Star Leasing because the entities are owned by the same parties, the record establishes that they are separate corporations with different defenses. As "the fault of one corporation cannot be imputed to a codefendant corporation, the corporate defendants sought to be added by plaintiff are not united in interest with the original [corporate] defendant" (*Capital Dimensions v Oberman Co.,* 104 AD2d 432, 433-434; *Connell v Hayden, supra,* at 44-45).

Ownership of the motor vehicle is a prerequisite to liability under Vehicle and Traffic Law § 388, and the court dismissed the complaint in its entirety against Silver Star Motors because that corporation did not own the vehicle. Thus, the record makes clear that the corporate defendants would not "stand or fall together" (*Prudential Ins. Co. v Stone, supra,* at 159) as the same defenses were not available to both corporations. Therefore, the corporations cannot be said to be united in interest for purposes of applying the doctrine of relation back.

The respondents' contention that the order may be affirmed for different reasons, which are based on arguments not raised in Supreme Court and which require an analysis of facts dehors the record, may not be raised for the first time on appeal (*see, Block v Magee,* 146 AD2d 730, 732; *Drexel Burnham Lambert v Ruebsamen,* 139 AD2d 323). Miller, J. P., Altman, Krausman and Luciano, JJ., concur.