■ VINCENT GATTO, Respondent, v CAREN SMITH-EISENBERG, Appellant. [721 NYS2d 374] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated June 16, 2000, which denied her motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff and the defendant were involved in an automobile accident on May 31, 1994. The defendant was the registered owner and operator of her vehicle. The plaintiff commenced an action against the defendant's husband. The Supreme Court dismissed the complaint against the husband, specifically noting that he was absolved of all liability. The plaintiff then commenced this action against the defendant. The defendant moved to dismiss the complaint pursuant to CPLR 214 on the ground that the Statute of Limitations had expired. The Supreme Court denied the motion, concluding that the relation-back doctrine applied.

To establish the applicability of the relation-back doctrine, a plaintiff must show, *inter alia,* that a defendant to be added as

a new party is united in interest with the original defendant (*see, Buran v Coupal,* 87 NY2d 173; *Mondello v New York Blood Ctr.,* 80 NY2d 219; *Poulard v Papamihlopoulos,* 254 AD2d 266). "Parties are united in interest only where 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other'" (*Desiderio v Rubin,* 234 AD2d 581, 583, quoting *Prudential Ins. Co. v Stone,* 270 NY 154, 159). Further, parties' interests are united only where one is vicariously liable for the acts of the other (*see, Desiderio v Rubin, supra; Connell v Hayden,* 83 AD2d 30).

The defendant was not united in interest with her husband, and therefore, the relation-back doctrine does not apply. As a result, this action is time-barred (*see,* CPLR 214; *see also,* CPLR 3211 [a] [5]). Accordingly, the Supreme Court erred in denying the defendant's motion to dismiss the complaint. Santucci, J. P., Krausman, S. Miller and Smith, JJ., concur.