Bernard-Moses v Chick-Fil-A, Inc. (2024 NY Slip Op 50123(U))

[*1]

Bernard-Moses v Chick-Fil-A, Inc.

2024 NY Slip Op 50123(U)

Decided on February 6, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 6, 2024
Supreme Court, Kings County

Symonia Bernard-Moses, Plaintiff,

against
Chick-Fil-A, Inc. and CROWN 144 FULTON LLC, Defendants.

Index No. 506371/2022

Raphaelson & Levine Law Firm, P.C., New York City (Jared B. Dubin, of counsel), for Plaintiff. 
Rende, Ryan & Downes, LLP, White Plains (Kristen E. John, of counsel), for Defendant Crown 144 Fulton LLC and non-party Melbo Franchise Holdings, Inc.

Aaron D. Maslow, J.

The following numbered papers were read on this motion:
NYSCEF Doc No. 38: Notice of Motion to Amend
NYSCEF Doc No. 39: Affirmation of Jared B. Dubin, Esq. in Support of Motion
NYSCEF Doc No. 40: Summons and Verified Complaint
NYSCEF Doc No. 41: Answers of Defendants Chick-Fil-A, Inc. and Crown 144 Fulton LLC
NYSCEF Doc No. 42: Consent to Change Attorney
NYSCEF Doc No. 43: Proposed Supplemental Summons and Amended Verified Complaint
NYSCEF Doc No. 45: Affirmation in Opposition of Alissa A. Mendys, Esq.
NYSCEF Doc No. 46: Statement of Authorization for Electronic Filing
NYSCEF Doc No. 47: Stipulation to Adjourn Motion
NYSCEF Doc No. 48: Denial of Stipulation to Adjourn Motion
NYSCEF Doc No. 49: Transcript of Oral Argument of Motion
Upon the foregoing papers, having heard oral argument on the record from appearing counsel, and due deliberation having been had thereon, the within motion is determined as follows.
 Preamble
This premises liability action gives rise to an oft-recurring paradigm. In the midst of the case, it dawns on the plaintiff that she or he has failed to name an entity as a defendant within the statute of limitations, culminating in a motion to amend the summons and complaint to add such entity as a defendant on the basis that the claims sought to be asserted against the entity relate back to the claims previously asserted against the original defendants for statute of limitations purposes.
Hewing closely to this well-worn framework, the parties' submissions herein focus exclusively on the applicability of the relation back doctrine to the case. Engulfed in the relation back vortex, the parties eschewed more prosaic core outcome-determinative issues.
As shall appear, Plaintiff's motion to amend is bereft of merit on two independent grounds beyond the relation back doctrine, neither of which grounds the parties explored in their copious papers or during oral argument. In short, the motion to amend is unavailing on three independent bases, two of which were overlooked by the parties.
This motion should serve as a cautionary tale. Parties briefing a motion should refrain from focusing exclusively on a single beguiling issue, lest ostensibly mundane, albeit pivotal, issues be overlooked.

Threshold Issue
The Court is constrained to grapple with a threshold issue of a procedural nature raised by Defendant Crown 144 Fulton LLC and the non-party prospective Defendant Melbo Franchise Holdings, Inc. (collectively, the "Crown-Melbo Entities"). The parties in question posit that Plaintiff Symonia Bernard-Moses's ("Plaintiff") instant motion to amend is but a duplicate of a motion to amend the summons and complaint previously filed by Plaintiff, which latter motion was marked off on June 23, 2023, owing to Plaintiff's counsel's failure to appear for oral argument before this Part (see NYSCEF Doc No. 49, Transcript of Oral Argument at 18, line 12, through 19, line 17). The Crown-Melbo Entities maintain that when Plaintiff's initial motion to amend was marked off on June 23, 2023, it was incumbent on Plaintiff to move to restore such motion to the calendar, rather than file the instant clone motion:
MS. JOHN: That was going to be my next point, your Honor, is that plaintiff just re-filed the same exact motion when it was marked off without going through the proper channels of having his original motion heard.
(Id. at 19, lines 7-10.)
Albeit ostensibly cogent, the argument in question is at odds with Second Department precedent cited by neither party. In a case in which the plaintiffs' counsel, as here, after failing to appear on the return date of its motion, resulting in the motion being marked off, filed the motion anew, the Second Department gave its imprimatur to this procedural approach as [*2]follows:
Finally, we would note that the failure of plaintiffs' counsel to appear in support of the initial motion to serve a late notice of claim (CPLR 2216), which resulted in its being marked off the calendar pursuant to local court rule (22 NYCRR 752.11 [c]), did not bar a second motion. The order marking the case off the calendar did not operate to establish the law of the case (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2216:3, p 114; cf. Aridas v Caserta, 41 NY2d 1059, 1061).
(Lewis v New York City Tr. Auth., 100 AD2d 896, 869 [2d Dept 1984].)
As Justice Jack M. Battaglia of the Kings County Supreme Court held, echoing the Second Department's holding in Lewis:
When a motion is marked off the calendar, generally the movant may simply re-file and re-serve the motion. (See e.g. Lewis v New York City Transit Authority, 100 AD2d 896, 896 [2d Dept 1984] [failure of counsel to appear in support of initial motion, which resulted in motion being marked off pursuant to local rule, did not bar a second motion].)
(Pallotta v Saltru Assoc. Joint Venture, NY, 32 Misc 3d 1208[A], 2011 NY Slip Op 51209[U], *2 [Sup Ct, Kings County 2011].)
In short, this Court finds unavailing the Crown-Melbo Entities' endeavor to obtain the denial of Plaintiff's present motion to on the ground that after Plaintiff's initial motion to amend was marked off the calendar, she opted to file the motion anew rather than move to restore the initial motion to the calendar.

 The Occurrence
Plaintiff alleges that on March 12, 2019, at approximately 10:00 p.m., while at a Chick-Fil-A restaurant located at 144 Fulton Street, in New York County ("Premises"), she slipped and fell as a result of a dangerous and slippery condition on account of Defendants' negligence in failing to maintain the Premises in a safe condition (see NYSCEF Doc No. 40, Complaint ¶¶ 48-49).

The Protagonists' Interrelationships
This action features entities whose roles are interwoven as follows: The Premises were owned by Defendant Crown 144 Fulton LLC ("Defendant Landlord Crown") (see NYSCEF Doc No. 10, Answer ¶ 78).
Before the March 12, 2019 occurrence, Defendant Chick-Fil-A, Inc. ("Defendant Tenant Chick-Fil-A"), a national fast-food chain, leased the Premises from Defendant Landlord Crown (see NYSCEF Doc No. 41, Answer ¶ 32). In turn, prior to the March 12, 2019 occurrence, Defendant Tenant Chick-Fil-A subleased the Premises to, and entered into a franchisor-franchisee agreement with, the non-party prospective Defendant Melbo Franchise Holdings, Inc. ("Prospective Defendant Sublessee Melbo"), the franchisee and operator of the Chick-Fil-A [*3]branded restaurant (see id.).
In sum, Prospective Defendant Sublessee Melbo, the operator of a Chick-Fil-A franchise at the Premises when the March 12, 2019 accident allegedly occurred, was a subtenant of Defendant Tenant Chick-Fil-A, who in turn was a tenant of Defendant Landlord Crown.

 Plaintiff's Belated Discovery of the Central Role 
 Potentially Played by Prospective Defendant Sublessee Melbo
Plaintiff filed a summons and verified complaint on March 3, 2022, naming two defendants, namely, Defendant Tenant Chick-Fil-A and Defendant Landlord Crown (see NYSCEF Doc No. 40, Complaint ¶¶ 2, 14).
Defendant Tenant Chick-Fil-A filed an answer on April 29, 2022, in which it expressly identified Prospective Defendant Sublessee Melbo as the sublessee of the Premises where the occurrence allegedly arose and as the franchisee and operator of the Chick-Fil-A restaurant at said location:
32. Responding to the allegations in Paragraph 32 of the Complaint, CFA, Inc. admits that it leases the property located at 144 Fulton Street, New York, NY 10038 from Defendant Crown 144 Fulton, LLC. CFA, Inc. subleases the property and the improvements thereon to Melbo Franchise Holdings, Inc., the franchisee, owner and operator of the Chick-Fil-A branded restaurant business located at 144 Fulton Street, New York, NY 10038.

 (See NYSCEF Doc No. 41, Answer ¶ 32.)

The Genesis of Plaintiff's Motion to Amend the Summons and Complaint

Plaintiff proffers the following circumstances as the source of her motion to amend the summons and complaint. Plaintiff's counsel explains that during a conversation with counsel for Defendant Tenant Chick-Fil-A, he learned that Prospective Defendant Sublessee Melbo was a viable defendant, which should be named as a defendant in the case (see NYSCEF Doc No. 39, Dubin Aff ¶ 8). Plaintiff represents that, during the conversation in question, Plaintiff's counsel was provided with the contact information of the law firm representing Prospective Defendant Sublessee Melbo, Rende, Ryan & Downes, LLP, which firm also represents Defendant Landlord Crown (see id.).
In a motion rooted on a statute of limitations issue, Plaintiff's counsel amorphously recounts that on an unspecified date, or series of dates, he contacted counsel for Prospective Defendant Sublessee Melbo, Rende, Ryan & Downes, LLP, to confer regarding this entity's involvement with the present matter, in the hopes of stipulating to add the entity in question as a defendant (see id.).
Plaintiff's counsel underscores that "being that the statue [sic] of limitations had passed," he sought to enter into a written stipulation with an unidentified attorney at Rende, Ryan & Downes, LLP to add Prospective Defendant Sublessee Melbo as a defendant and to amend the caption accordingly (id.). Plaintiff's counsel explains that notwithstanding his efforts — over an unspecified time frame — to enter into a stipulation with Rende, Ryan & Downes, LLP, such [*4]efforts proved to be in vain owing to the ostensible failure of the enigmatic "handling attorney from Rende, Ryan & Downes, LLP" to "ever engage in good faith conversations to come to a resolution" (id.).
In these circumstances, Plaintiff's counsel asserts that he was left with no alternative but to interpose the present motion to amend the summons and complaint (see id.)
Plaintiff has presented no documentation substantiating counsel's negotiations with an unnamed recalcitrant attorney at Rende, Ryan & Downes, LLP on unspecified dates.

The Parties' Misapprehension as to the Statute of Limitations Deadline Stemming From Their Overlooking the COVID-19 Pandemic-Related Toll
Until oral argument on December 12, 2023, all parties to this motion were under the misapprehension that the statute of limitations applicable to Plaintiff's claims arising from the March 12, 2019 occurrence expired on March 12, 2022, at the conclusion of the three-year statute of limitations governing personal injury claims pursuant to CPLR 214 (5). For instance, when queried at oral argument on the all-important subject of the statute of limitations, Plaintiff's counsel responded as follows:
THE COURT: When did the statute of limitations expire?
MR. DUBIN: In March 2022.
THE COURT: So actually I think I disagree with you on that, do you know why?
MR. DUBIN: I don't your Honor.
THE COURT: Because of the pandemic there were 228 days and there have been a lot of cases about this by now. I wrote a decision myself. What happened was when Governor Cuomo issued his executive order, he tolled the statute of limitations and then it picked up again later. So there were 228 days in the year 2020. If a cause of action accrued prior, okay, and the statute of limitations expired after the pandemic executive orders, those 228 days are added onto when the statute of limitations would otherwise have expired.
MR. DUBIN: That would bring it to the end of 2022 Your Honor.
THE COURT: Yes. In fact, I calculate it October 26th.
(NYSCEF Doc No. 49, Transcript of Oral Argument at 4, line 8, through 5, line 2.)
Significantly, Plaintiff's counsel conceded at oral argument that he discovered the existence of Prospective Defendant Sublessee Melbo, the franchisee and operator of the Chick-Fil-A branded restaurant that counsel is now moving to add as a defendant, toward the end of April of 2022, more than six months before the expiration of the statute of limitations, as tolled under the COVID-19 pandemic-related toll instituted pursuant to former Governor Andrew Cuomo's Executive Orders issued in the midst of the pandemic:
THE COURT: Just one minute. I draw your attention to a decision I wrote, Vasquez v. Tri-State Lumbar Inc., 2020, New York Slip Op 50390. That, too, was negligence. A cause of action, I held that you add the 228 days to the end of the three-year period. So my question is to the plaintiff, when did the plaintiff find out about the existence of Melbo Holdings, Inc.?
MR. DUBIN: I found out about Melbo Franchise Holdings, Inc. by way of the attorney for Chick-Fil-A, who's not present, in the end of April.
THE COURT: End of April what?
MR. DUBIN: 2022. In the middle of May. . . .
(Id. at 5, lines 7-18.)
As the Court indicated during oral argument, at the conclusion of this statute of limitations-related exchange:
THE COURT: Don't you think as a precaution to protect your client's interest you should have made a motion before the statute of limitations expired which by operation of law was October 26, 2022.
(Id. at 6, lines 13-16.)
That the statute of limitations governing Plaintiff's claims against Prospective Defendant Sublessee Melbo expired on October 26, 2022, more than six months after Plaintiff's counsel discovered the involvement of this entity toward the end of April of 2022 (see id. at 5, lines 11-18), is indubitable, as the October 26, 2022 date in question falls 228 days after the expiration of the standard three-year March 12, 2022 statute of limitations deadline that would have controlled this case absent the COVID-19 pandemic-related toll.
As held by this Court in a similar context involving the application of the COVID-19 pandemic-related statute of limitations toll to a Plaintiff's personal injury claim:
Rather, this Court agrees with the interpretation of the Executive Orders by the Brash court, and deems the Cuomo Period to constitute a toll, thus extending any statute of limitations by 228 days where the Cuomo Period fell completely within what otherwise would have been a straight three-year period following accrual of the cause of action.
Gov. Cuomo's Executive Orders were paramount and necessary to the safety and recovery of New York State. These orders allowed citizens to remain safe with their families during an unprecedented pandemic and helped prevent the spread of the virus. During the duration of the initial phase of the pandemic, many state governmental and private functions were stayed or largely reduced for the safety of the people of New York. These necessary actions meant that many of the functions that are normally offered by the Courts or engaged in by private persons, including attorneys, were either reduced or paused entirely. Requiring parties and attorneys to have dealt with litigation matters during the Cuomo Period's 228 daysas Capital Concrete NY Inc. would have had Plaintiff do contravenes the public policy which underpinned the purpose for the toll. Normally a victim of an accident who claims personal injuries resulting from negligence and seeks to commence suit has three years to do so. However, the ability to consult and work with an attorney was impaired for the 228 days of the Cuomo Period. Adding these 228 days to what otherwise would have been the expiration of the statute of limitations is more than appropriate under this unique once-in-a-century situation.
"[A]ccrual occurs when the claim becomes enforceable, i.e., when all elements of the tort [*5]can be truthfully alleged in a complaint" (Snyder v Town Insulation, Inc., 81 NY2d 429, 432 [1993], citing Aetna Life and Cas. Co. v Nelson, 67 NY2d 169 [1986]; Jacobus v Colgate, 217 NY 235 [1916]; Roldan v Allstate Ins. Co., 149 AD2d 20 [2d Dept 1989]). Here, the accident occurred on April 12, 2019. Deducting 228 days from the three-year post-accident period and adding them to April 12, 2022 yields a revised statute of limitations expiration date of November 26, 2022. Since the present motion to add Capital Concrete NY Inc. was filed on April 22, 2022, it was timely.
(Vasquez v Tri-State Lbr. Ltd., 78 Misc 3d 1230[A], *3 [Sup Ct, Kings County, 2023].)
As this Court delineated in Vasquez, the computation of the statute of limitations deadline, as extended under the auspices of the COVID-19 pandemic-related statute of limitations toll:
This conclusion is buttressed by the recent decision in McLaughlin v Snowlift, Inc. (214 AD3d 720 [2d Dept. 2023]). The facts in that case involved a cause of action for personal injuries accruing on January 4, 2018, which normally would have resulted in the statute of limitations expiring on January 4, 2021. The Cuomo Period of March 20, 2020 to November 3, 2020 fit right within that three-year period. Rather than the statute of limitations expiring on January 4, 2021, the Appellate Division held that the Cuomo Period was a toll, with the result that the commencement of the action on January 13, 2021 was timely. (See also Privilege Underwriters Reciprocal Exchange v Frank & Lindy Plumbing & Heating, Inc, 78 Misc 3d 1225[A], 2023 NY Slip Op 50351[U] [Sup Ct, Westchester County 2023]; Christian v Zhang, 75 Misc 3d 1204[A], 2022 NY Slip Op 50351[U] [Sup Ct, Bronx County 2022]; Karamchand v Extell Development, 2021 NY Slip Op 32610[U] [Sup Ct, NY County 2021]; Vivar v BSREP UA River Crossing LLC, 2021 NY Slip Op 32153[U] [Sup Ct, NY County 2021].)

 ***
Gov. Cuomo's Executive Orders tolled the statute of limitations which otherwise would have expired on April 12, 2022, and extended it to November 26, 2022. Therefore, Plaintiff's motion filed on April 22, 2022 was still timely. To the extent indicated below, Plaintiff's motion is granted.
(Id., *4.)
That all parties overlooked the applicability of the COVID-19 pandemic-related toll instituted under the aegis of former Governor Andrew Cuomo's Executive Orders in the context of a motion rooted in the statute of limitations is perplexing.

Plaintiff's Argument in Support of Her Motion to Amend The Summons and Complaint Under the Relation Back Doctrine
Plaintiff posits that the motion to amend her summons and complaint to add Prospective [*6]Defendant Sublessee Melbo as a defendant should be granted under the auspices of the relation back doctrine in that the claims sought to be asserted by Plaintiff against Prospective Defendant Sublessee Melbo relate back to the claims previously asserted by Plaintiff against the original Defendants (namely, Defendant Tenant Chick-Fil-A and Defendant Landlord Crown) for statute of limitations purposes (see NYSCEF Doc No. 39, Dubin Aff ¶¶ 8-11). 
To buttress her relation back argument, Plaintiff relies on the Court of Appeals' Buran v Coupal, 87 NY2d 173 [1995] decision, in which our highest Court articulated for the bar the policy rationale underlying the relation back doctrine as follows:
As codified in New York's Civil Practice Law and Rules, what is commonly referred to as the relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are "united in interest" (CPLR 203 [b]; see also, CPLR 203 [e] [relation back of new claims against same party]).
Aimed at liberalizing the strict, formalistic pleading requirements of the past century (see, Shaw v Cock, 78 NY 194; Harriss v Tams, 258 NY 229) or the "sporting theory of justice" condemned by Roscoe Pound (see, Schiavone v Fortune, 477 US 21, 32-33 [Stevens, J., dissenting]), while at the same time respecting the important policies inherent in statutory repose (see, Duffy v Horton Mem. Hosp., 66 NY2d 473, 476-477), the doctrine enables a plaintiff to correct a pleading errorby adding either a new claim or a new partyafter the statutory limitations period has expired. The doctrine thus gives courts the "sound judicial discretion" (Duffy, 66 NY2d at 477) to identify cases "that justify relaxation of limitations strictures . . . to facilitate decisions on the merits" if the correction will not cause undue prejudice to the plaintiff's adversary (Lewis, The Excessive History of Federal Rule 15 (c) and Its Lessons for Civil Rules Revision, 85 Mich L Rev 1507, 1512 [1987]).
(Id. at 177-178.)
In the Buran decision relied upon by Plaintiff, the Court of Appeals expounded the contours of the relation back doctrine as follows, setting forth a tripartite test to be met by the movant in this context:
Under this standard, the three conditions that must be satisfied in order for claims against one defendant to relate back to claims asserted against another are that:
"(1) both claims arose out of same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." (Brock v Bua, at 69 [citations omitted].)
(Id. at 178.)
Predictably, Plaintiff opines that she satisfies the three-prong relation back test, [*7]warranting the grant of her motion to amend her summons and complaint to add Prospective Defendant Sublessee Melbo as a defendant, the statute of limitations bar notwithstanding (see NYSCEF Doc No. 39, Dubin Aff ¶ 12). 
Surprisingly, neither Plaintiff nor the Crown-Melbo Entities referred to the Court of Appeals' recent notable decision bearing on the relation back doctrine, in which the Court set forth as follows the three-prong test that a movant must meet to fall within the scope of the relation back doctrine:
On this appeal we must determine whether, under CPLR 203 (c) and the relation back doctrine, claims against a party mistakenly omitted from the initial filing and then added after the expiration of the limitations period may be treated as interposed when the action was timely commenced against the originally named respondents. The relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is "united in interest" with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading (see Buran v Coupal, 87 NY2d 173, 178 [1995]).
(Matter of Nemeth v K-Tooling, 40 NY3d 405, 407-408 [2023].)
Insofar as the Court of Appeals decided Nemeth on October 24, 2023 (id.), the Crown-Melbo Entities, which filed their opposition papers on November 30, 2023, had ample opportunity to address the Court of Appeals' Nemeth decision in their papers (see NYSCEF Doc No. 45, Mendys Aff). Likewise, while Plaintiff's moving papers were filed on August 23, 2023, before Nemeth was decided, Plaintiff had an opportunity to bring Nemeth to the Court's attention in a reply. However, Plaintiff refrained from filing reply papers and, as such, did not apprise the Court of the Court of Appeals' most recent articulation of the relation back doctrine.
Notably, the Court of Appeals in the recent Nemeth decision reaffirmed the aforementioned three-prong relation back test that it had previously applied in its 1995 Buran decision (see Nemeth, 40 NY3d at 407-408). However, the Court of Appeals in Nemeth applied the third prong of the three-prong relation back test (namely, the "mistaken omission" prong) in a more permissive fashion than certain New York courts other than the Court of Appeals had done in prior decisions (see id. at 409). Specifically, the Court of Appeals clarified in Nemeth that, while other New York courts had previously been more permissive in applying the "mistaken omission" prong to a mistake of fact (such as not knowing the correct name of an entity), rather than a mistake of law (such as not knowing that inclusion of the omitted party was legally necessary), the third prong is also applicable when a party misunderstands the legal consequences or requirements, so long as the missing party was omitted due to oversight rather than a strategic decision (see id. at 409-410). As the Court of Appeals held in Nemeth:
Petitioners principally argue that, for purposes of the third prong of the relation back analysis, the addition of a mistakenly-omitted necessary party relates back whether one views the omission as a mistake of "law" or simply an oversight in identifying the proper party unless the omission was a deliberate choice or motivated by gamesmanship. Respondents counter that the relation back doctrine is unavailable to petitioners because [*8]they were aware of the omitted necessary party's existence but failed to include her in the action. We now hold that the relation back doctrine is not limited to cases where the amending party's omission results from doubts regarding the omitted party's identity or status.
(Id. at 410.)
While best practice dictates that litigants involved in motion practice alert the Court to germane recent Court of Appeals precedent, the parties' failure to do so in this particular context was harmless in that, as shall become clear below, the Court of Appeals' clarification of the approach to be adopted with respect to the application of the relation back doctrine, does not affect the outcome of this matter.[FN1]

First Independent Ground Warranting the Denial of Plaintiff's Motion to Amend — 
 The Caption Featured in the Proposed Supplemental Summons 
 Differs From the Caption in the Proposed Amended Complaint
Immersed in their skirmish over the relation back doctrine, the parties appear to have forsaken the first step to be taken when analyzing the propriety of a motion to amend a pleading: a review of the movant's proposed amended pleading to ensure that such pleading is not devoid of merit.
A perfunctory review of Plaintiff's proposed supplemental summons and amended verified complaint (see NYSCEF Doc No. 43, Proposed Supplemental Summons and Amended Complaint) would have sufficed to reveal that such proposed pleading cannot serve as a vehicle to amend Plaintiff's summons and verified complaint.
Indeed, the caption featured in Plaintiff's proposed supplemental summons differs from the caption in the proposed amended verified complaint (see id.). Specifically, while Plaintiff named three entities as defendants in the proposed supplemental summons (namely, "Chick-Fil-A, Inc., Crown 144 Fulton LLC and Melbo Franchise Holdings, Inc.") (id. at 1), Plaintiff puzzlingly opted to name but two entities as defendants in the proposed Amended Verified Complaint (to wit, "Chick-Fil-A, Inc., and Crown 144 Fulton LLC") (id. at 3).
Simply put, while Plaintiff named Melbo Franchise Holdings, Inc. as a Defendant in the caption of the proposed supplemental summons (id. at 1), Plaintiff failed to name such entity as a Defendant in the proposed amended complaint (id. at 3). To characterize such omission as confounding would be charitable considering that adding Melbo Franchise Holdings, Inc. as a Defendant goes to the very essence of Plaintiff's motion to amend (see NYSCEF Doc No. 39, Dubin Aff ¶¶ 2-3). 
Owing to the unorthodox approach adopted by Plaintiff in drafting a proposed supplemental summons and amended verified complaint in which a named Defendant featured in the caption of the supplemental summons (Melbo Franchise Holdings, Inc.) is not featured in the caption of the amended verified complaint, one would be hard-pressed to determine whether [*9]Melbo Franchise Holdings, Inc. was meant to be named as a Defendant by Plaintiff, thereby leaving the Court with no alternative but to deem Plaintiff's internally inconsistent proposed supplemental summons and amended verified complaint to be devoid of merit. In these circumstances, the Court is constrained to deny Plaintiff's motion to amend since the Second Department has repeatedly held as follows that where, as here, a proposed amended complaint is devoid of merit, the movant's motion to amend is to be denied:
Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025 [b]; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703 [2010]; Tyson v Tower Ins. Co. of NY, 68 AD3d 977 [2009]). The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to amend the complaint in action No. 2 to add M&T as a defendant, as the proposed amendment was patently devoid of merit.
(Sinistaj v Maier, 82 AD3d 868, 869 [2d Dept 2011].)
While there are decisions granting leave to amend the caption in an amended complaint, e.g., Ivory Dev., LLC v Roe (135 AD3d 1216 [3d Dept 2016]) and Cutting Edge, Inc. v Santora (4 AD3d 867 [4th Dept 2004]), they did not involve a proposed amended complaint whose caption was inconsistent with the proposed supplemental summons.

Second Independent Ground Warranting Denial of Plaintiff's Motion to Amend — 
 Plaintiff's Motion Is Not Accompanied by a Proposed Amended Pleading Clearly 
 Reflecting the Changes to Be Made to the Pleading, in Violation of CPLR 3025 (b)
A second independent basis warrants the denial of Plaintiff's motion to amend her summons and complaint. The parties remained silent in their moving and opposition papers with respect to this issue, as well as during oral argument, opting instead to focus exclusively on the relation back doctrine.
Plaintiff's motion to amend is not accompanied by a proposed amended pleading clearly reflecting the changes sought to be made to Plaintiff's original summons and complaint, in violation of CPLR 3025 (b), which expressly provides as follows:
(b) Amendments and supplemental pleadings by leave. A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading.
(CPLR 3025 [b] [emphasis added].)
Indeed, while Plaintiff annexed her proposed supplemental summons and amended verified complaint as an exhibit to her motion (see NYSCEF Doc No. 43), such proposed pleading does not reflect the emendations sought to be made to the pleading through, for instance, redlining, in contravention of CPLR 3025 (b).
Plaintiff's failure to annex to her motion to amend a proposed amended pleading clearly reflecting the changes sought to be made to her original summons and complaint warrants the denial of the motion. As held by the Second Department in denying a party's motion to amend its pleading on the ground that such party failed, as here, to include along with its motion a proposed amended pleading clearly reflecting the changes or additions to be made to the pleading, in violation of CPLR 3025 (b):
Contrary to Enchante's contention, the branch of its motion which was, in effect, pursuant to CPLR 3025 (b) to amend its answer to assert the affirmative defense of Workers' Compensation exclusivity also was properly denied since Enchante failed to include any proposed amended answer "clearly showing the changes or additions to be made to the pleading" (CPLR 3025 [b]; see e.g. G4 Noteholder, LLC v LDC Props., LLC, 153 AD3d 1326, 1327 [2017]; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952 [2017]).
(Mendoza v Enchante Accessories, Inc., 185 AD3d 675, 679 [2d Dept 2020].)
Lest there be any misapprehension, our Legislature's requirement embodied in CPLR 3025 (b) that movants seeking to amend a pleading annex to their motion a copy of the proposed amended pleading clearly reflecting the changes sought to be made to the pleading is no abstract procedural nicety. Such requirement is designed to avert precisely that which transpired in the present case. Had Plaintiff adhered to CPLR 3025 (b) by generating a version of her proposed supplemental summons and amended verified complaint reflecting the changes sought to be made to the original summons and verified complaint, one would expect that Plaintiff would have realized that the caption in the proposed supplemental summons differed materially from the caption in the proposed amended complaint in that the caption in the proposed supplemental summons featured a Defendant — Melbo Franchise Holdings, Inc. — omitted from the proposed amended complaint (see NYSCEF Doc No. 43, Proposed Supplemental Summons and Amended Verified Complaint at 1, 3).

Third Independent Ground Warranting Denial of Plaintiff's Motion to Amend— 
 Plaintiff's Motion, Which Seeks to Amend the Summons and Complaint to Add 
 A New Defendant After the Expiration of the Statute of Limitations, 
 Does Not Pass Muster Under the Relation Back Doctrine
A third independent basis warrants denying Plaintiff's motion to amend her summons and complaint. Plaintiff argues that her motion to amend her summons and complaint to add Prospective Defendant Sublessee Melbo as a defendant, notwithstanding the statute of limitations bar, should be granted under the relation back doctrine on the basis that the claims sought to be asserted by her against Prospective Defendant Sublessee Melbo relate back to the claims previously asserted by Plaintiff against the original Defendants (to wit, Defendant Tenant Chick-Fil-A and Defendant Landlord Crown) for statute of limitations purposes (see NYSCEF Doc No. 39, Dubin Aff ¶¶ 10-12).
Albeit endowed with surface appeal, the Court is constrained to determine that Plaintiff's relation back argument is unavailing based on the interplay between the facts of the case and the relation back doctrine pronounced by the Court of Appeals.
As the Court of Appeals held in its recent October 24, 2023 Nemeth decision, to avail oneself of the forgiving relation back doctrine — under which claims against a party mistakenly omitted from the initial filing and thereafter sought to be added after the statute of limitations expired may be treated as having been interposed when the suit was timely commenced against the originally named defendants — a movant must establish that it satisfies a three-part test:
The relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is "united in interest" with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading (see Buran v Coupal, 87 NY2d 173, 178 [1995]).
(Matter of Nemeth v K-Tooling, 40 NY3d at 407-408 [2023].)
Inasmuch as, based upon applicable case law, Plaintiff does not satisfy the second prong of the relation back doctrine — the so-called "united in interest" prong — Plaintiff's endeavor to come within the purview of the relation back doctrine is unavailing.
While Plaintiff posits that Prospective Defendant Sublessee Melbo is united in interest with both Defendant Tenant Chick-Fil-A and Defendant Landlord Crown, and thus comes within the ambit of the second prong of the relation back doctrine (see NYSCEF Doc No. 39, Dubin Aff ¶¶ 10-12), such position is belied by applicable appellate precedent.

Appellate Precedents Governing the Second Prong
  Of the Relation Back Doctrine — "United in Interest"
In the Court of Appeals' Buran v Coupal, 87 NY2d 173 [1995] decision, the Court analyzed the relation back doctrine, including, in particular, the second prong of such doctrine, which prong it articulated as follows:
(2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits.
(Buran v Coupal, 87 NY2d at 178 [1995].)
In the wake of Buran, New York appellate courts have grafted judicial gloss onto the second prong of the relation back doctrine — the "united in interest" prong — when applying it to the plethora of relation back fact patterns that they have been called upon to adjudicate, giving rise to a well-developed body of jurisprudence on the subject.
The Second Department has repeatedly held that, for purposes of the relation back doctrine, "unity of interest" means that the interest of the parties is such that they stand or fall together and that judgment against one shall similarly affect the other. As a corollary, "unity of interest" will only be found in circumstances where a relationship between the parties exists giving rise to vicarious liability on the part of one party for the conduct of the other. As the [*10]Second Department articulated the concept in denying a plaintiff's attempt to rely on the relation back doctrine on the ground that plaintiff failed to come within the scope of the "united in interest" prong, thereby warranting the dismissal of the complaint on statute of limitations grounds:
The defendant moved to dismiss the complaint pursuant to CPLR 214 on the ground that the Statute of Limitations had expired. The Supreme Court denied the motion, concluding that the relation-back doctrine applied.
To establish the applicability of the relation-back doctrine, a plaintiff must show, inter alia, that a defendant to be added as a new party is united in interest with the original defendant (see, Buran v Coupal, 87 NY2d 173; Mondello v New York Blood Ctr., 80 NY2d 219; Poulard v Papamihlopoulos, 254 AD2d 266). "Parties are united in interest only where 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other' " (Desiderio v Rubin, 234 AD2d 581, 583, quoting Prudential Ins. Co. v Stone, 270 NY 154, 159). Further, parties' interests are united only where one is vicariously liable for the acts of the other (see, Desiderio v Rubin, supra; Connell v Hayden, 83 AD2d 30).
The defendant was not united in interest with her husband, and therefore, the relation-back doctrine does not apply. As a result, this action is time-barred (see, CPLR 214; see also, CPLR 3211 [a] [5]). Accordingly, the Supreme Court erred in denying the defendant's motion to dismiss the complaint.
(Gatto v Smith-Eisenberg, 280 AD2d 640, 641 [2d Dept 2001] [emphasis added].)
For purposes of the relation back doctrine, the Second Department has further held that parties are not united in interest in circumstances where one defendant may avail itself of a defense not available to the other defendant. The Second Department expressed this concept as follows:
For the rule allowing relation back to the original date of filing under CPLR 203 (b) to be operative in an action in which parties are added beyond the applicable limitations period, a plaintiff is required to prove that the originally-named defendant and the later-added party or parties are united in interest (Porter v Kingsbrook OB/GYN Assocs., 209 AD2d 497). The test requires a plaintiff to establish, in relevant part, that: "(1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement" (Mondello v New York Blood Ctr.Greater NY Blood Program, 80 NY2d 219, 226; Buran v Coupal, 87 NY2d 173, 180-181; Brock v Bua, 83 AD2d 61, 69).
While it is not disputed that the first prong of the test has been satisfied, the respondents failed to establish that the two corporations are united in interest. Parties are united in interest only where "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (Prudential Ins. Co. v Stone, 270 NY 154, 159; see also, Mondello v New York Blood Ctr.Greater NY Blood Program, supra, at 226; Brock v Bua, supra, at 68). If the relationship [*11]between the parties is such that one "may" have a defense not available to the other, they are not united in interest (see, Connell v Hayden, 83 AD2d 30, 41-43). In short, "interests will be united, only where one is vicariously liable for the acts of the other" (Connell v Hayden, supra, at 45).

 ***
Thus, the record makes clear that the corporate defendants would not "stand or fall together" (Prudential Ins. Co. v Stone, supra, at 159) as the same defenses were not available to both corporations. Therefore, the corporations cannot be said to be united in interest for purposes of applying the doctrine of relation back.
(Desiderio v Rubin, 234 AD2d 581, 582-583 [2d Dept 1996] [emphasis added].)
As such, the Second Department has held that in circumstances where one defendant can avoid liability by placing blame on the other, the parties cannot be deemed to be united in interest for purposes of the second prong ("united in interest") of the relation back doctrine:
With respect to persons whose only relationship is that of joint tort-feasors, the courts have held that they are not united in interest. The reason for this rule is that where the proximate cause of an injury is the concurring wrongful acts or omissions of two or more persons acting independently, each is liable to plaintiff for the full amount of his damage, but the liability is only because of his own negligence and the fault of his codefendant is not imputed to him (41 NY Jur, Negligence, § 35). Although the liability of joint tort-feasors is "joint and several", neither is responsible for the acts or omissions of the other. Either defendant could be held legally liable or not liable without a like finding as to the other defendant (Farrell v American Beverage Corp., 203 Misc 330; see, also, Marchetti v Linn, 197 Misc 658, 660). In such a case the defendants' interests are not united because each will seek to show that he was not at fault and that it was the other who caused the injury (Maguire v Yellow Taxicab Corp., 253 App Div 249, 251, affd 278 NY 576). Thus, in Piedmont v Society of NY Hosp. (25 Misc 2d 41) it was held that doctors who treated plaintiff at different times in different capacities, and who were neither partners nor fellow employees, were not "united in interest" even if their joint fault caused plaintiff's injuries.
It follows from the foregoing that in an action to recover for the torts of negligence or malpractice the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other. 

 (Connell v Hayden, 83 AD2d 30, 45 [2d Dept 1981] [emphasis added].)

 Since Plaintiff Does Not Satisfy the Second Prong Of the Relation Back Doctrine — "United in Interest" — 
 She Does Not Fall Within the Scope of the Relation Back Doctrine, Requiring Denial of Her Motion to Amend the Summons and Complaint

Based on the Second Department precedents analyzed above, inasmuch as Plaintiff does not satisfy the second prong ("united in interest") of the relation back doctrine, she does not [*12]come within the scope of the relation back doctrine. As such, this Court is left with no alternative but to deny Plaintiff's motion to amend the summons and complaint to add Prospective Defendant Sublessee Melbo as a defendant, which motion is predicated on the notion that the claims sought to be asserted by Plaintiff against Prospective Defendant Sublessee Melbo relate back to the claims previously asserted by Plaintiff against the original Defendants (namely, Defendant Tenant Chick-Fil-A and Defendant Landlord Crown) for statute of limitations purposes (see NYSCEF Doc No. 39, Dubin Aff ¶¶ 8-11). 
Indeed, based on the Second Department decisions analyzed above, Prospective Defendant Sublessee Melbo cannot plausibly be found to be united in interest with either of the original Defendants (that is, Defendant Tenant Chick-Fil-A and Defendant Landlord Crown).
First, with respect to Defendant Landlord Crown, Plaintiff has failed to establish the existence of any direct nexus between Prospective Defendant Sublessee Melbo and Defendant Landlord Crown, much less that such entities are "united in interest." Indeed, while Defendant Landlord Crown is the owner of the building where the occurrence arose (see NYSCEF Doc No. 10, Answers at PDF p 19, ¶ 78), Plaintiff has merely established that Prospective Defendant Sublessee Melbo is the operator of the Chick-Fil-A restaurant in the building (see id. at PDF p 3, ¶ 32). Such tenuous relationship between Defendant Landlord Crown and Prospective Defendant Sublessee Melbo cannot reasonably lead to an inference that either of these entities is vicariously liable for the actions of the other.
Inasmuch as no evidence has been adduced that the relationship between Defendant Landlord Crown and Prospective Defendant Sublessee Melbo gives rise to vicarious liability on the part of one such entity for the conduct of the other, the two entities in question cannot be found to be united in interest for purposes of the relation back doctrine. As held by the Second Department in articulating the rationale underlying its determination that two entities were not united in interest for purposes of the second prong of the relation back doctrine: "In short, 'interests will be united, only where one is vicariously liable for the acts of the other' (Connell v Hayden, supra, at 45)" (Desiderio v Rubin, 234 AD2d at 583 [2d Dept 1996]).
Further undermining Plaintiff's position that Defendant Landlord Crown and Prospective Defendant Sublessee Melbo are united in interest, Plaintiff has not established the existence of a landlord-tenant relationship between these entities, which comes as no surprise since the evidence reveals that, while Defendant Landlord Crown is the owner of the premises where the occurrence arose (see NYSCEF Doc No. 41, Answers at PDF p 19, ¶ 78), Prospective Defendant Sublessee Melbo is merely a sublessee of such premises (see id. at PDF p 3, ¶ 32). Even assuming, arguendo, that Plaintiff could establish that a landlord-tenant relationship exists between the two entities in question, which relationship is at odds with the evidence, such relationship alone does not suffice to establish a unity of interest between such entities, as held as follows by an appellate court:
The court properly dismissed the complaint against defendant In-Town Motel Corp. (In-Town) on statute of limitations grounds. Plaintiffs may not rely on the relation back doctrine (Buran v Coupal, 87 NY2d 173, 177 [1995]; CPLR 203 [b]) since they have failed to demonstrate that defendant Broadway-Bronx Motel Company (Broadway) and In-Town were united in interest. "[U]nity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other" (Mercer v 203 E. 72nd St. Corp., 300 AD2d 105, 106 [2002]; Valmon v 4 M & M Corp., 291 AD2d 343 [2002], lv denied 98 NY2d 611 [*13][2002]). Plaintiffs' suspicions and conjecture as to the relationship between In-Town and Broadway find no support in the record, which fails to indicate that the two were related, except as landlord and tenant. (Regina v Broadway-Bronx Motel Co., 23 AD3d 255 [1st Dept 2005] [emphasis added].)
Second, with regard to Defendant Tenant Chick-Fil-A, Plaintiff has likewise failed to establish that said entity and Prospective Defendant Sublessee Melbo are united in interest for purposes of the second prong of the relation back doctrine. The only relationship that Plaintiff claims to exist between Defendant Tenant Chick-Fil-A and Prospective Defendant Sublessee Melbo, the franchisee and operator of the Chick-Fil-A restaurant in the premises where the occurrence arose (see NYSCEF Doc No. 41, Answers at PDF p 3 ¶ 32), is that of franchisor and franchisee. 
Plaintiff remains studiously silent in her moving papers as to the well-established proposition that a franchisor-franchisee relationship does not suffice to establish that two entities are united in interest in the context of the relation back doctrine. As an appellate court has held in denying a plaintiff's post-statute of limitations expiration cross-motion to apply the relation back doctrine and serve an amended summons and complaint adding franchisee Isuzu Motors, Ltd. as a defendant on the ground that such franchisee was united in interest with initial defendant franchisor Isuzu Motors America Inc.:
Supreme Court properly denied that part of the cross motion of plaintiff to serve an amended summons and complaint adding Isuzu Motors, Ltd. (Isuzu Ltd.), as a defendant. Where, as here, the Statute of Limitations has expired, "CPLR 203 (b) sets forth a 'relation back' rule which essentially provides that where there are several defendants and they are 'united in interest', commencing an action against one within the applicable statutory period will preserve the action against the others" (Buran v Coupal, 213 AD2d 863, 865, affd 87 NY2d 173, citing Siegel, NY Prac § 45, at 55 [2d ed]). Isuzu Ltd., however, is not "united in interest" with defendant Isuzu Motors America, Inc., sued herein as Isuzu Motor America Inc. (Isuzu America) (CPLR 203 [b]). The mere existence of a parent-subsidiary corporate relationship is insufficient to establish a unity of interest between the two corporations (see, Derso v Volkswagen of Am., 159 AD2d 937, 938-939). In actions such as this, related corporations are united in interest only where one corporation is vicariously liable for the acts of the other (see, Santiamagro v County of Orange, 226 AD2d 359, 360; Derso v Volkswagen of Am., supra, at 939; Raschel v Rish, 120 AD2d 945, affd 69 NY2d 694). (Feszczyszyn v General Motors Corp., 248 AD2d 939, 940 [4th Dept 1998] [emphasis added].)
In the context of franchisor and franchisee, case law is to the effect that the relation back doctrine does not apply. "As the unity of interest is a question of law and not of fact and case law establishes that a franchisor and franchisee are separate entities,[ ] this court cannot apply the relation back doctrine to either of the intended defendants" (Maiorino v Park Tysen Assoc., L.L.C., 24 Misc 3d 1215[A], 2009 NY Slip Op 51464[U], *4 [Sup Ct, Richmond County 2009], citing Potamianos v Convenient Food Mart, Inc., 197 AD2d 734 [3d Dept 1993]).
Further undermining Plaintiff's endeavor to establish that Defendant Tenant Chick-Fil-A and Prospective Defendant Sublessee Melbo are united in interest for purposes of the relation [*14]back doctrine, such entities do not share the same defenses, as Defendant Tenant Chick-Fil-A will argue that it is not responsible for the day-to-day operations of the Chick-Fil-A restaurant on the premises where the occurrence arose, and, instead, will point to its franchisee, Prospective Defendant Sublessee Melbo, as the entity responsible for the maintenance of the restaurant in light of its role as the operator of such restaurant. 
Notably absent from the parties' moving and opposition papers is any reference to the following sections featured in Defendant Tenant Chick-Fil-A's verified answer and affirmative defenses, in which said party makes plain that its line of defense shall be that it neither occupied, nor operated, the Chick-Fil-A restaurant where the occurrence arose, and, as such, should not be held responsible for Plaintiff's accident, which restaurant was occupied and operated by Prospective Defendant Sublessee Melbo, the proper party to be held responsible for the occurrence:
32. Responding to the allegations in Paragraph 32 of the Complaint, CFA, Inc. admits that it leases the property located at 144 Fulton Street, New York, NY 10038 from Defendant Crown 144 Fulton, LLC. CFA, Inc. subleases the property and the improvements thereon to Melbo Franchise Holdings, Inc., the franchisee, owner and operator of the Chick-fil-A branded restaurant business located at 144 Fulton Street, New York, NY 10038. CFA denies any remaining allegations in Paragraph 32 of the Complaint.

 ***

 
 Fourth Affirmative Defense
CFA, Inc. does not own or operate the Chick-fil-A branded restaurant business located at 144 Fulton Street, New York, NY 10038, nor occupy the premises on which the business is located.

 ***

 
 Sixth Affirmative Defense
Plaintiff's alleged injuries and damages, if any, were caused by the acts or omissions of persons or entities that CFA, Inc. did not control nor have the right to control.
(See NYSCEF Doc No. 41, Answers at PDF pp 3-6.)
In short, Defendant Tenant Chick-Fil-A can be expected to argue that it should not be liable for Plaintiff's accident since it was not responsible for the operations of the Chick-Fil-A restaurant where the accident took place, and that, instead, Prospective Defendant Sublessee Melbo should bear responsibility for the occurrence given its status as the operator of the restaurant. As such, Plaintiff's position that Defendant Tenant Chick-Fil-A and Prospective Defendant Sublessee Melbo are united in interest in the context of the relation back doctrine is anathema to appellate precedent.
Appellate courts have indeed repeatedly held that parties are not united in interest, in the context of the "united in interest" prong of the relation back doctrine, where, as here, a defendant may rely on a defense not available to the other defendant. As the Second Department expressed this concept:
It thus appears that the primary purpose of Statutes of Limitation is to relieve defendants of the necessity of investigating and preparing a defense where the action is commenced against them after the expiration of the statutory period because the law presumes that by [*15]that time "evidence has been lost, memories have faded, and witnesses have disappeared" (Telegraphers v Railway Express Agency, 321 U.S. 342, 348-349). In such a case the statute is an absolute bar to plaintiff's action. The united in interest language of CPLR 203 creates an exception to the foregoing rule. Where a defendant is served late, the plaintiff's claim will nevertheless be deemed interposed against him as of the earlier date upon which a codefendant united in interest with him was timely served and the Statute of Limitations will not constitute a bar to the action. The rationale behind this exception is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff's claim. Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations. From this the rule has evolved that where one defendant "may" have a defense which is not available to the other, they cannot be said to be united in interest (Stevens v Young, 272 App Div 784, 785; see, also, Halucha v Jockey Club, 31 Misc 2d 186, 189). The mere possibility that a defendant who was served late could have such a different defense is all that is required because, the statute having run, it is now too late for him to conduct an investigation into the viability of that defense. To determine unity of interest, therefore, one looks not to whether the two defendants will assert different defenses but rather whether they could assert such different defenses.
(Connell v Hayden, 83 AD2d 30, 41-42 [2d Dept 1981] [emphasis added].)
As Plaintiff cannot establish that Prospective Defendant Sublessee Melbo is united in interest with either Defendant in this action, she cannot rely upon the relation back doctrine to amend the summons and complaint to add Prospective Defendant Sublessee Melbo as an additional defendant in this matter. 
Based on the foregoing, the Court denies Plaintiff's motion to amend the summons and complaint to add Prospective Defendant Sublessee Melbo as an additional defendant in this action, which motion was predicated on Plaintiff's argument that the claims sought to be asserted against Prospective Defendant Sublessee Melbo relate back to the claims previously asserted against the original Defendants for statute of limitations purposes.

Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion to amend the summons and complaint to add Prospective Defendant Sublessee Melbo as an additional defendant in this action is DENIED.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. An incisive analysis of the Court of Appeals' Nemeth decision was featured in the New York Law Journal on December 26, 2023 (see NYLJ, Dec. 26, 2023 at 3).